TISDALE & LENNON, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
Tel:   (212) 354-0025
Fax:   (212) 869-0067
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

NOVSTAR SHIPPING AND MARINE
SERVICES CO. LLC,

      Plaintiff,

- against -

FORBES GOKAK LTD. a/k/a M/S FORBES
GOKAK LTD.,

      Defendant.
------------------------------------------------------------X

JUDGE LYNCH

07 CV 3536

ECF CASE



## VERIFIED COMPLAINT

The Plaintiff, NOVSTAR SHIPPING AND MARINE SERVICES CO. LLC (hereinafter "Plaintiff"), by its attorneys, Tisdale & Lennon, LLC, as and for its Verified Complaint against the Defendant, FORBES GOKAK LTD. a/k/a M/S FORBES GOKAK LTD. (hereinafter "Defendant") alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) and 28 United States Code § 1333.

2. At all material times, Plaintiff was and still is an entity duly organized and existing by virtue of the laws of the United Arab Emirates.

3. Upon information and belief, at all material times, Defendant was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in Mumbai, India.

4. By a charter party dated November 23, 2005 Plaintiff chartered its motor vessel "BLUE STAR" (hereinafter the "Vessel") to non-party Crossworld Middle East (hereinafter "Crossworld").

5. Upon information and belief, Crossworld contracted with Defendant for the provision of fuel oil bunkers to the Vessel and Defendant arranged for the bunkers to be physically supplied to the Vessel by another non-party.

6. Upon information and belief, Defendant has alleged in an arrest action filed in India that Crossworld failed to remit payment for the bunkers and that Defendant was therefore vested with a maritime lien against the Vessel forming the basis for its arrest.

7. Plaintiff denies that Defendant has a valid maritime lien as it did not physically supple the bunkers to the Vessel and therefore the arrest of the Vessel was unlawful.

8. Due to the detention of the Vessel while unlawfully arrested from November 14, 2006 until December 6, 2006 the Plaintiff sustained damages.

9. Plaintiff has suffered losses in the total principal sum of $25,670.13, as best can now be estimated, exclusive of interest, recoverable costs and reasonable attorneys fees.

10. As best as can now be estimated, Plaintiff expects to recover the following amounts from the Defendant due to the unlawful arrest of the Vessel:

| | | | |
|---|---|---|---|
| A. | Principal claim: | | $25,670.13; |
| i. | Fuel costs during arrest: | $21,594.30; | |
| ii. | Fresh water costs during arrest: | $740.00; | |
| iii. | Insurance costs during arrest: | $2,766.03; | |
| iv. | Lube costs during arrest: | $569.80. | |
| B. | Estimated interest at 8.5% for three years: | | $ 6,666.84 |

C. Attorneys' fees and other costs:    $20,000.00.

Total:    **$52,336.97.**

11. The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A., which are believed to be due and owing to the Defendant.

12. The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching any assets of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and

federal common law attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A., which are due and owing to the Defendants, in the amount of **$52,336.97** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Verified Complaint;

C. That this Court recognize and confirm any foreign judgment/award of costs on the claims had herein as a judgment of this Court;

D. That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

E. That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: May 3, 2007
Southport, Connecticut

The Plaintiff,
NOVSTAR SHIPPING AND MARINE
SERVICES CO. LLC.,

By: _____
Lauren C. Davies (LD 1980)
Kevin J. Lennon (KL 5072)
TISDALE & LENNON, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 (Phone)
(212) 869-0067 (Fax)
ldavies@tisdale-lennon.com
klennon@tisdale-lennon.com

4

## ATTORNEY VERIFICATION

State of Connecticut  )
                      )    ss: Town of Southport
County of Fairfield   )

1. My name is Lauren C. Davies.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for the Plaintiff in this action. I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Verified Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiff and its solicitors, all of which I believe to be true and accurate.

Dated: May 3, 2007
Southport, Connecticut

_____
Lauren C. Davies