**EXHIBIT 7**

TISDALE & LENNON, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
Tel:   (212) 354-0025
Fax:   (212) 869-0067
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NOVSTAR SHIPPING AND MARINE
SERVICES CO. LLC,

          Plaintiff,

    - against -

FORBES GOKAK LTD. a/k/a M/S FORBES
GOKAK LTD.,

          Defendant.
------------------------------------------------------------X

JUDGE LYNCH

07 CV 3536

ECF CASE



RECEIVED
MAY 03 2007
U.S.D.C. S.D.N.Y.
CASHIERS

## VERIFIED COMPLAINT

The Plaintiff, NOVSTAR SHIPPING AND MARINE SERVICES CO. LLC (hereinafter "Plaintiff"), by its attorneys, Tisdale & Lennon, LLC, as and for its Verified Complaint against the Defendant, FORBES GOKAK LTD. a/k/a M/S FORBES GOKAK LTD. (hereinafter "Defendant") alleges, upon information and belief, as follows:

1. This is an admiralty and maritime claim within the meaning of Federal Rule of Civil Procedure 9(h) and 28 United States Code § 1333.

2. At all material times, Plaintiff was and still is an entity duly organized and existing by virtue of the laws of the United Arab Emirates.

3. Upon information and belief, at all material times, Defendant was and still is an entity duly organized and existing by virtue of foreign law with a principal place of business in Mumbai, India.

4. By a charter party dated November 23, 2005 Plaintiff chartered its motor vessel "BLUE STAR" (hereinafter the "Vessel") to non-party Crossworld Middle East (hereinafter "Crossworld").

5. Upon information and belief, Crossworld contracted with Defendant for the provision of fuel oil bunkers to the Vessel and Defendant arranged for the bunkers to be physically supplied to the Vessel by another non-party.

6. Upon information and belief, Defendant has alleged in an arrest action filed in India that Crossworld failed to remit payment for the bunkers and that Defendant was therefore vested with a maritime lien against the Vessel forming the basis for its arrest.

7. Plaintiff denies that Defendant has a valid maritime lien as it did not physically supple the bunkers to the Vessel and therefore the arrest of the Vessel was unlawful.

8. Due to the detention of the Vessel while unlawfully arrested from November 14, 2006 until December 6, 2006 the Plaintiff sustained damages.

9. Plaintiff has suffered losses in the total principal sum of $25,670.13, as best can now be estimated, exclusive of interest, recoverable costs and reasonable attorneys fees.

10. As best as can now be estimated, Plaintiff expects to recover the following amounts from the Defendant due to the unlawful arrest of the Vessel:

| | | | |
|---|---|---|---|
| A. | Principal claim: | | $25,670.13; |
| i. | Fuel costs during arrest: | $21,594.30; | |
| ii. | Fresh water costs during arrest: | $740.00; | |
| iii. | Insurance costs during arrest: | $2,766.03; | |
| iv. | Lube costs during arrest: | $569.80. | |
| B. | Estimated interest at 8.5% for three years: | | $ 6,666.84 |

2

      C.     Attorneys' fees and other costs:      $20,000.00.

Total:      **$52,336.97.**

11.    The Defendant cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A., which are believed to be due and owing to the Defendant.

12.    The Plaintiff seeks an order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims attaching any assets of the Defendant held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendant, and to secure the Plaintiff's claims as described above.

**WHEREFORE**, Plaintiff prays:

A.    That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

B.    That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and

federal common law attaching all tangible or intangible property in whatever form or any other funds held by any garnishee, including, but not limited to, ABN-AMRO, American Express Bank, Bank of America, Bank of New York, Deutsche Bank, Citibank, HSBC Bank USA Bank, J.P. Morgan Chase, Standard Chartered Bank and/or Wachovia Bank N.A., which are due and owing to the Defendants, in the amount of **$52,336.97** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Verified Complaint;

    C.    That this Court recognize and confirm any foreign judgment/award of costs on the claims had herein as a judgment of this Court;

    D.    That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

    E.    That the Plaintiff have such other, further and different relief as the Court may deem just and proper.

Dated: May 3, 2007
       Southport, Connecticut

The Plaintiff,
NOVSTAR SHIPPING AND MARINE
SERVICES CO. LLC.,

By: _/s/ Lauren C. Davies_

Lauren C. Davies (LD 1980)
Kevin J. Lennon (KL 5072)
TISDALE & LENNON, LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 (Phone)
(212) 869-0067 (Fax)
ldavies@tisdale-lennon.com
klennon@tisdale-lennon.com

4

## ATTORNEY VERIFICATION

State of Connecticut )
                         ) ss: Town of Southport
County of Fairfield )

1. My name is Lauren C. Davies.

2. I am over 18 years of age, of sound mind, capable of making this Verification and fully competent to testify to all matters stated herein.

3. I am the attorney for the Plaintiff in this action. I am fully authorized to make this Verification on its behalf.

4. I have read the foregoing Verified Complaint and the contents thereof are true and accurate to the best of my knowledge, information and belief.

5. The reason that this Verification was made by me and not the Plaintiff is that the Plaintiff is a corporation none of whose officers are present in this District.

6. The source of my knowledge is information and records furnished to me by the Plaintiff and its solicitors, all of which I believe to be true and accurate.

Dated: May 3, 2007
Southport, Connecticut

_____
Lauren C. Davies

5

# EXHIBIT 8

[172]    The Bombay High Court (Original Side) Rules    [R. 606

attorney or depositing in Court, such amount towards the costs of the attorney, as provisionally fixed by the Court. Where the amount provisionally fixed as costs is paid or deposited as and when the costs of the attorney discharged as aforesaid are finally determined, the amount paid or deposited as aforesaid shall be adjusted towards such costs.

**R. 606. Computation of Advocate's fee.**—Where costs are awarded to a party in any proceeding in the High Court the amount of the Advocate's fee to be taxed in the bill of costs recoverable by such party, if represented by an Advocate from his adversary, shall be computed in accordance with the rules herein below:—

(1) In the following mattes, viz:—

    (a) Suits which are decided on merits;

    (b) Appeals from decrees decided on merits (including preliminary decrees) other than appeals from execution proceedings.

    (c) References under Land Acquisition Act, I of 1894 or appeals, therefrom decided on merits, the amount of Advocate's fees shall be computed on the amount or value of the subject-matter in dispute in the suit, appeal or reference at the rates specified below:—

If the amount or value of the subject-matter in dispute does not exceed Rs. 25,000 at 8 per cent.

If such amount or value exceeds Rs. 25,000 but does not exceed Rs. 50,000, on Rs. 25,000 as above and on the remainder at 6 per cent.

If such amount or value exceeds Rs. 50,000 but does not exceed Rs. 1,00,000, on Rs. 50,000 as above and on the remainder at 4 per cent.

If such amount or value exceeds Rs. 1,00,000 but does not exceed Rs. 5,00,000, on Rs. 1,00,000 as above and on th remainder at 2 per cent.

If such amount or value exceeds Rs. 5,00,000 on Rs. 5,00,000 as above and on the remainder at 1 per cent subject to maximum of Rs. 25,000.

(2) In the case of—

R. 606]　　　　　The Bombay High Court (Original Side) Rules　　　　　[173

(i) Summary suits under Order XXXVII of the first Schedule to the Code of Civil Procedure, 1908, where the defendant does not appear or where leave to defend is refused or where a decree is passed on the defendant failing to comply with the conditions on which leave to defend was granted and appeals against decrees in such suits.

(ii) Suit the claim in which is admitted but only time or instalment for payment is asked for,

(iii) Suit which is got dismissed by a plaintiff for want of prosecution before settlement of issues or recording of any evidence, except evidence under rule 2 of Order X of the Code of Civil Procedure,

(iv) Suit which is withdrawn before the settlement of issues or recording of any evidence except evidence under rule 2 of Order X of the Code of Civil Procedure,

(v) Suit in which judgment is given on admission under rule 6 of Order XII in the First Schedule to the Code of Civil Procedure, 1908, before the settlement of issues or recording of any evidence except evidence under rule 2 of Order X of the Code of Civil Procedure,

(vi) Short causes, commercial causes and long causes in which no written statement is filed and appeals from decrees in such suits.

(vii) Suits compromised before the settlement of issues or recording of evidence except evidence under rule 2 of Order X of the Code of Civil Procedure,

(viii) Any formal party to a suit or appeal e.g. a trustee or estate holder who only appears to submit to the orders of the Court and asks for his costs,

(ix) A suit or appeal which has abated,

(x) A plaint returned for presentation to the proper Court,

the amount of Advocate's fees to be allowed shall be fixed by the Court disposing of the matter and shall not exceed 1/4th of that payable according to the rate specified in sub-rule (1) above;

Provided that in no case falling under this sub-rule - the Advocate's fees shall be less than Rs. 300.

(3) Where at the hearing of any suit, reference under the Land Acquisition

Act or appeal, disposed of on merits, more than one Advocates have appeared, the Court disposing of the matter may allow such fee, for a second Advocate, as it deems fit not exceeding half the fee allowable under sub-rule (1) above in the following cases:—

(i) In a suit, reference under the Land Acquisition Act or appeal in which the amount or value of the subject matter exceeds Rs. 25,000:

Provided that the fees of two Advocates shall not be allowed—

(a) in summary suits, disposed of as summary suits,

(b) in uncontested short causes,

(c) in undefended long causes,

(d) to any formal party to a suit or appeal, e.g. a trustee or an estate holder who only appears to submit to the orders of the Court and asks for his costs.

(e) in appeals from decrees in suits referred to in (a) to (c) above,

(f) in suits and appeals filed by indigent persons except where specifically ordered by the Court.

(ii) In any suits, reference under the Land Acquisition Act, or appeal of which the amount or value of the subject-matter is less than Rs. 25,000 where the Court for reasons to be recorded in writing considers it proper to do so.

(4) In long causes, where there are several parties but all are not real contestants, the Chamber Judge on the Summons for Directions may direct which of the parties may engage two Advocates for the purpose of taxing costs. No party, in whose favour such directions have not been given shall be allowed the costs of two Advocates under sub-rule (3) above.

(5) Subject to the provisions of sub-rule (12) below, the fee prescribed in sub-rules (1) to (3) and (6) to (9) shall be taken to be the remuneration for the Advocate's service until the final decree or order is passed.

(6) In execution proceedings or in appeals in execution proceedings the Advocate's fee to be allowed shall be one-fourth of the fee calculated at the rates specified in sub-rule (1) on the amount or value of the relief or money claimed in the application to execute the decree. Such fee shall be chargeable only on the first application and on any subsequent contested application.

(7) (i) The fee for *ex-parte* and/or on non-contested Chamber Summonses shall be Rs. 75. The fee for contested Chamber Summonses and appeals from orders on Chamber Summons shall be Rs. 150.

(ii) The fee for *ex-parte* and non-contested notices of motion shall be Rs. 150. The fee for contested Notice of Motion and appeals from orders on Notices of Motion shall be Rs. 300.

The Court or Judge disposing of the matter shall have discretion to increase the fees prescribed in this rule in a fit case.

(8) In all applications, petitions, references or other proceedings or appeals contested or otherwise under:—

(i) Chartered Accountants Act, 1949,

(ii) Copy Right Act, XIV of 1957,

(iii) Estate Duty Act, XXXIV of 1953,

(iv) Gift Tax Act, XVIII of 1958,

(v) Guardians and Wards Act, VIII of 1890,

(vi) Indian Arbitration Act, X of 1940,

(vii) Companies Act, (I of 1956),

(viii) Indian Divorce Act, IV of 1869,

(ix) Income-tax Act, 1961 (XLIII of 1961),

(x) Indian Succession Act, XXXIX of 1925,

(xi) Indian Trust Act, II of 1882,

(xii) Insurance Act, IV of 1938,

(xiii) Lunancy Act, IV of 1912,

(xiv) Patents and Designs Act, II of 1911,

(xiv-a) Patents Act, (XXXIX of 1970),

(xv) Presidency Towns Insolvency Act, III of 1909,

(xvi) Sales Tax Act, 1959, (LI of 1959),

(xvii) Super Profit Tax Act, (XIV of 1963),

(xviii)   Trade and Merchandise Marks Act, XLIII of 1958,

(xix)    Wealth-tax Act, XXVII of 1957,

(xx)     Any other special or local Acts unless special provision is made in the Act itself or otherwise, and

(xxi)    In Originating Summons,

    (a)   the fee for *ex parte* or non-contested applications, petitions, references or appeals shall be Rs. 150.

    (b)   the fees for contested applications, petitions, references or appeals shall be Rs. 300. The Court or Judge disposing of the matter shall have discretion to increase the fees prescribed in this rule in a fit case.

(9) The Advocate's fee in an application made under Article 226 of the Constitution and in an appeal from an order passed on such application shall be Rs. 300:

Provided that Court hearing such application or appeal may, having regard to the labour involved in the preparation of the case or the complexity of issues arising therein or for any other sufficient reason allow such higher fees as it deems proper.

(10) If a suit is compromised after the settlement of issues or recording of any evidence other than evidence under Rule 2 of Order X of the Code of Civil Procedure, the suit shall be treated as decided on merits.

(11) An Advocate who has been employed by the heirs of a deceased party is not entitled to have fresh fees taxed.

(12) In all proceedings in which a Commission is issued to examine any person under the provisions of section 75 of the Civil Procedure Code the Advocate's fee shall consist of an amount computed in accordance with the above rule *Plus* such fee per day for appearing before the Commissioner as the Court may in its discretion allow.

(13) Where costs are awarded to a party in any proceeding the amount of the Advocate's fee to be taxed in the bill of costs is recoverable by such party if represented by an advocate from his adversary and shall be computed in accordance with the rules above unless such fee has been settled under the provisions of section 3 of the Legal Practitioner's (Fees) Act, 1926, for a lesser amount in which case not more than such lesser amount shall be recoverable.

(14) Where in any proceeding there are several parties having the same interest, or putting forward the same defence, they shall not, if awarded costs, be allowed more than one set of Advocate's fee on taxation unless the Court otherwise directs.

### Notes

**Old Rule 131.**—Attorney practising in Bombay High Court doing professional work, if doing any work in any Court other than the High Court at Bombay, he is entitled to have his bill of costs taxed by the Taxing Master on the basis or the scale applicable for the work done on the Original Side. (**Pereira Fazalbhoy Vs. Rajputana Ltd.**, 65 Bom. L.R. 87 O.O.C.J.)).

**Old Rule 571.**—Under rule 571 (proviso) lays down that the Taxing Master has power to issue a preliminary or an interim allocation with regard to those items in the Bill which are not disputed, while he goes on to consider the objections under review before him. As regards the items in dispute, he can, as per the practice followed in the High Court issue a final allocation. When the Chamber Judge reviews the taxation, He is not bound to await the decision of the appeal from the decision of the Chamber Judge. (**Shamdasani Vs. Central Bank**, 45 Bom. L.R. 379).

**Old Rule 494.**—Prior to the coming into operation of the Bombay Pleaders Act, 1920, a solicitor practising in Bombay and rendering professional services in mofussil i.e. in Poona is entitled in the event of his client declining to pay his charges, to have his bill taxed by the Taxing Master on the original side of the Bombay High Court. The High Court observed that this does not enable a solicitor to have his bill so taxed for work done by him on the appellate side of the High Court. The High Court further observed that after the coming into operation of the Bombay Pleaders Act, 1920 attorney came within the provisions of the 1920 Act. (**Nowroji Pudumji Sirdar Vs. Kanga and Sayani**, 28 Bom. L.R. 384).

**R. 607. Charges for interpretation and administration of Oath.**—The fees paid by a party for interpretation of an affidavit or for administering an oath or solemn affirmation should be held to be costs incurred in the case and included in the bill of costs.

**R. 608. Travelling allowance of a public servant.**—Travelling allowance paid by the Government or a public authority to a public servant who was summoned as a witness in any case as also the amount deposited by a party to cover the travelling allowance payable to such public servant should be included in the bill of costs.

**R. 609. Court's power to fix costs where no provision is made.**—When the amount or scale of Advocate's fee in respect of any proceeding is not otherwise prescribed under these rules relating to the taxation of costs, the