CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendant Forbes
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605
Eugene J. O'Connor (EO-9925)
Timothy Semenoro (TS-6847)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NOVSTAR SHIPPING AND MARINE
SERVICES CO., LLC,

                       Plaintiff,

                                                          07 CV 3536 (GEL)

   - against -

FORBES GOKAK LTD. a/k/a M/S FORBES
GOKAK LTD.,

                       Defendant.
-----------------------------------------------------------X

## ATTORNEY DECLARATION IN SUPPORT
## OF MOTION TO VACATE THE ATTACHMENT

Pursuant to 28 U.S.C. § 1746, Timothy Semenoro, Esq., declares under the penalty of perjury:

1.    I am a member of the Bar of the State of New York, and admitted to practice before this Court since 2002, and am a member of the firm of Chalos, O'Connor & Duffy LLP, attorneys for the Defendant FORBES GOKAK LTD. (hereinafter "Forbes") in this action.

2.    I am fully familiar with the matters set forth in this declaration, which is submitted by Order to Show Cause in support of Defendant Forbes' Motion to Vacate the Order and Process of Attachment in this action.

3. On or about August 16, 2006, bunkers in the amounts of 79.675 Metric Tons of IFO ("Intermediate Fuel Oil") and 69.927 Metric Tons of MGO ("Medium Gas Oil") were supplied to the M/V BLUE STAR by companies related to Defendant Forbes and at the request of the vessel M/V BLUE STAR communicated through Cross World Middle East LLC, the charterer of said vessel, who were authorized to order the same by the vessel and/or her owners.

4. Although transfer and receipt of these bunkers to the M/V BLUE STAR was confirmed by the signatures of the vessel's officers and vessel's stamp on the Bunker Delivery Notes, Defendant Forbes has not been paid on its invoice, issued through Forbes Group, bearing number T-79246 and dated August 29, 2006, for said bunkers in the amount of US $83,303.10 by any party.

5. On or about November 14, 2006, Forbes, as Petitioner, filed an application (hereinafter "Forbes' Application") with the High Court of Kerala at Ernakulam, India. In this Application, Forbes alleged claims against the vessel and the owner, Plaintiff NOVSTAR SHIPPING AND MARINE SERVICES CO., LLC (hereinafter "Novstar") for failure to pay for the necessaries, i.e. bunkers, that were supplied to the M/V BLUE STAR. In its prayer for relief, Forbes sought, among other things, the amount due and owing for the supplied bunkers and the arrest of the M/V BLUE STAR.

6. Forbes' Application with exhibits, dated November 14, 2006, is annexed hereto as Exhibit 1. The Bunker Delivery Notes, numbered 2080 and dated August 16, 2006, for the IFO and, numbered 2084 and dated August 16, 2006, for the MGO, are included as exhibits to the Forbes' Application. The Forbes Group invoice, number T-79246, for the bunkers is also included as an exhibit to the Forbes' Application.

7. Based on the claims set forth in the Forbes' Application, the High Court of Kerala did order the arrest of the M/V BLUE STAR and, given the equities, required Forbes to deposit a bank guarantee in the amount of Rs. 5 lakhs (about US $12,500) with the registry of the court to address any loss or hardship of the respondents, which included Novstar, as may later be determined by said court. The Order of the High Court of Kerala is annexed hereto as Exhibit 2. The original bank guarantee for Forbes, as issued by Standard Chartered Bank and dated November 16, 2006, is annexed hereto as Exhibit 3. The renewal bank guarantee for Forbes, as issued by Standard Chartered Bank and dated June 7, 2007, is annexed hereto as Exhibit 4.

8. The decision to require Forbes to deposit security in the amount of Rs. 5 lakhs was made at the discretion of the High Court.

9. Subsequently, the M/V BLUE STAR was arrested and not released until Novstar posted security in the equivalent amount of US $83,303.10 on or about December 6, 2006. Prior to providing security, a request was made by Novstar to allow said security to be made out to the High Court in Indian Rupees. The resulting Order, dated December 4, 2007, of the High Court is annexed hereto as Exhibit 5.

10. On or about January 18, 2007, Novstar filed a Counter Affidavit on behalf of itself and the M/V BLUE STAR, as Respondents, with the High Court of Kerala. In their Counter Affidavit, they denied the Petitioner's claims and, among other things, demanded an increase in the current security already posted by Forbes to address Novstar's claim for wrongful arrest and resulting damages in the amount of US $25,670.13. This Counter Affidavit is annexed hereto as Exhibit 6.

11. To date, the High Court of Kerala has not ordered the release of the US $83,303.10 posted by Novstar, nor has the High Court ordered the release and/or increase in the US $12,500 posted by Forbes.

12. On or about May 3, 2007, Novstar initiated a maritime Rule B action in the District Court for the Southern District of New York, Index No. 07 Civ. 3536, which is the instant matter now before this Honorable Court. The purpose of this action was to obtain security for claimed damages resulting from alleged wrongful arrest of the M/V BLUE STAR. The amount claimed is US $52,336.97, which is comprised of the principle claim for damages of US $25,670.13; US $6,666.84 in interest; and US $20,000 in "Attorneys' fees and other costs." The Novstar Verified Complaint, dated May 3, 2007, is annexed hereto as Exhibit 7.

13. In early May 2007, Plaintiff Novstar began successfully attaching the property of Defendant Forbes, and by the end of the month had restrained the maximum amount allowed by the Order of $52,336.97.

14. Mr. Zubin Morris of Messrs. Little & Co., who is counsel for Forbes in India, has confirmed to us that: (a) when the original Order of Arrest was obtained, the High Court, to protect the interest of Novstar if said Court later determined that the arrest was wrongful, ordered Forbes to furnish security in the sum of Rs. 5 lakhs. This amount was set at the discretion of the High Court as being a proper amount of "counter-security"; (b) Novstar is at liberty, and in fact has, challenged the lawfulness of the arrest in said proceedings by its Counter Affidavit with a claim of US $25,670.13; (c) Novstar was free to post security to facilitate the release of M/V BLUE STAR much earlier than December 6, 2006, thus it controlled and/or caused the amount of alleged damages that

resulted; and (d) only nominal awards, if any, are allowed under Indian law for attorney's fees.

15. The relevant section of the Bombay High Court Rules regarding the possible award of attorney's fees by the High Court is annexed hereto as Exhibit 8. Given that Novstar's claim for damages resulting from the alleged wrongful arrest is US $25,670.13 or Rs. 11,69,017.72. According to "R.606. Computation of Advocate's fees", the maximum amount that could be awarded to Novstar, if successful on the merits, is 20,190.18 Rupees. Applying a conversion of 1 US $ to Rs. 40.68, results in a maximum award of US $ 496.32.

16. In short, the underlying claim for the unpaid bunkers by Forbes, and the corresponding claim by Novstar for wrongful arrest and resulting damages are already before the High Court of Kerala. Furthermore, the High Court of Kerala will not only decide the merits of the principal claim by Forbes and wrongful arrest claim by Novstar, but the High Court has already set the proper amount of security that Novstar had to provide to facilitate the release of the M/V BLUE STAR and Forbes had to provide to address any potential wrongful arrest claim by Novstar.

17. As is set forth above and in the accompanying Memorandum of Law submitted in support of this application to vacate the attachment as against Defendant Forbes, the attachment should be vacated because Novstar's claim for wrongful arrest and resulting damages is already fully secured as per the current Order of the High Court of Kerala. Since Novstar's claim is security in India, Novstar cannot be double secured by filing essentially the same claim again in New York as the basis for a maritime Rule B action. Moreover, the fact that both parties are already litigating the underlying claims,

including Novstar's claim for wrongful arrest, before the High Court in India, and principles of international comity, justify vacating the attachment.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
       June 28, 2007

CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendant Forbes

By: _____
Timothy Semenoro (TS-6847)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605