# EXHIBIT 1

Presented on 14/11/2006                **Sub: Miscellaneous ( ADMIRALTY**
                                       **JURISDICTION ) - Admiralty Court Act, 1861**

## BEFORE THE HON'BLE HIGH COURT OF KERALA AT ERNAKULAM

Spl. Jurisdiction Case No................/2006

Forbes Gokak Ltd.,              :              Petitioner

                               -Vs-

M.V. Blue Star, & others        :              Respondents

### I N D E X

| S.No | Particulars | Page Nos. |
|------|-------------|-----------|
| 1. | Synopsis | 1 |
| 2. | Spl. Jurisdiction Case (Admiralty Petition) | 2 · 13 |
| 3. | Affidavit | 14 |
| 4. Exhibit P1 | The True copy of the Bunker delivery note dated 16th August, 2006 BDN No. 2080) signed by the master of the 1st respondent vessel. | 15 |
| 5. Exhibit P1(a) | The True copy of the bunker delivery note dtd 16/08/2006 (BDN No. 2084) signed by the master of the 1st respondent vessel | 16 |
| 6. Exhibit P2. | The true copy of the e-mail dtd 17/08/2006 issued by the Master of the 1st Respondent vessel to 2nd respondent and the charterers cross world. | 17 |
| 7. Exhibit P3 | The true copy of the extract dtd.26/7/2006 issued by the Ship Registry, St. Kitts and Nevis regarding the 1st respondent vessel | 18 |
| 8. Exhibit P4 | The true copy of the Invoice bearing No.T-79246 dtd 29/08/2006 for the sum of US $ 83,303.10 issued by the petitioner to the 1st Respondent vessel and others | 19 |

Dated this the 14 day of November 2006

COUNSEL FOR THE PETITIONER

- / -

BEFORE THE HON'BLE HIGH COURT OF KERALA AT ERNAKULAM

Spl. Jurisdiction Case No. 3 ........ /2006

| | | |
|---|---|---|
| Forbes Gokak Ltd., | : | Petitioner |
| | -Vs- | |
| "M.V. "BLUE STAR" & others | :) | Respondents |

### SYNOPSIS

16/8/06

The petitioner carries on the business, inter alia, of supply of bunkers (oil) to Ocean going vessels and has supplied to the 1st Respondent Vessel, through their agent whilst at the Port of Khorfakkan, on 16th August 2006, bunkers being 79.675 Metric Tonnes of IFO (180 CST) and 69.927 Metric Tonnes of NGO, duly acknowledged vide Exhibit P1 bunker delivery note. The 1st Respondent is a foreign vessel 'BLUE STAR' flying the flag of St. Kitts and Nevis and registered at the port of Basseterre and owned by the 2nd respondent a foreign company.

15/9/06

On account of the bunkering supply work relating to the 1st Respondent Vessel, the petitioner expended a sum of US $ 83,303.10 as per Exhibit P4 invoice. Although Exhibit P4 invoice required payment to be made on or before 15th September 2006, the 1st respondent vessel has not made the said payment till date. The 1st respondent and 2nd respondent owners does not have nay office or assets in India.

The 1st Respondent vessel is presently within Indian territorial waters and berthed in the port and harbour of Mumbai. As the said vessel is well within Indian Territorial Waters, this Hon'ble Court has got Jurisdiction to try this petition. As per the decision of the Apex Court in 'M.V.Elizabeth Vs. Harwan Investment and trading Pvt. Ltd., Goa (AIR 1993 S.C. 1014.) Supreme Court has held that all Indian High Courts in the Indian Coasts can exercise admiralty jurisdiction and arrest a foreign vessel when the same enters the territorial waters of India. If the above vessel 'BLUE STAR' is allowed to sail off from Mumbai Port and Indian Territorial Waters without settling the petitioner's dues, the petitioner will have no other source of recovery of its dues from the respondents 1 & 2 are foreign companies / entities having neither property, assets or residence in India. It is respectfully submitted that unless this Hon'ble Court passes an order of arrest and detention of the 1st respondent /vessel invoking the inherent admiralty jurisdiction of this Hon'ble Court in order to enable the petitioner to enforce his right, maritime lien, irreparable injury will be caused to petitioner. Hence the petitioner is approaching this Hon'ble Court to invoke the inherent admiralty jurisdiction and also to invoke the powers vested within the Hon'ble Court under Article 226 of the Constitution of India and also under Admiralty (a.s.b.) Act '89. Therefore it is humbly prayed that this Hon'ble Court may be pleased to arrest and detain the 1st respondent vessel until sufficient security is furnished by the respondents 1 and 2 .

Dated this the 14 day of November ,2006.

COUNSEL FOR THE PETITIONER





BEFORE THE HON'BLE HIGH COURT OF KERALA AT ERNAKULAM

Spl.Jurisdiction Case No............. 3 ..... / 2006 ..

( Special Original Admiralty Jurisdiction)

**PETITIONER**




Forbes Gokak Ltd.,
Indira Gandhi Road, W/Island,
Kochi - 682 003.
rep. by its Senior Manager,
Mr. Venikta Subramanian, aged 47 years, S/o. V. Mahadevan

**RESPONDENTS**

1.    M.V. "BLUE STAR", a motor vessel flying the flag of St. Kitts and Nevis
      and registered at the port of Basseterre together with her hull, tackle,
      engines, machinery, apparel, equipment, stores, articles, things and other
            paraphernalia, presently lying in the port and harbour of Mumbai,
      rep. by its Master now within Indian Territorial waters.

2.    Navstar Shipping & Marine Services Co. LLC
      P.O. Box. 39510,
      Dubai- U.A.E.

3.    The Deputy Conservator,
      Mumbai Port Trust, Mumbai.
      (Set      Added   Rs,   Mumbai )
      PETITION FILED UNDER INHERENT ADMIRALTY JURISDICTION OF THE HON'BLE HIGH
      COURT OF KERALA   ADMIRALTY JUSIDICTION (INDIA) ACT 1860, ADMIRALTY COURTS
      ACT 1861(STATE S.1 b, Of ADMIRALTY COURTS ACT 1861) +                AND  ARTICLE
      226 OF THE CONSTITUTION OF INDIA.

A.    Address for service of notice etc. to the Petitioner is that of their counsel
      V.J.Mathew,   Rajesh P.P, Bijish B.Tom,  Sangeetha  and  Naveena  Antony.
      M/s.V.J.Mathew & Co., Advocates, Manikkiri Cross Road, Pallimukku, Cochin-16.

B.    Address for service of notice etc to the respondents are the same as given
      above or that of their counsel if any engaged.

Petitioner's above named respectfully submits as follows:-






- 3 -

## STATEMENT OF FACTS.

1.    The Petitioner is a company incorporated under the Companies Act, 1956 and carries on the business, inter alia, of supply of bunkers to Ocean going vessels .

2.    The 1st Respondent is a foreign vessel 'BLUE STAR', owned by the 2nd respondent, flying the flag of St. Kitts and Nevis and registered at the port of Basseterre. The 1st Respondent vessel is presently within Indian territorial waters now berthed at the port and harbour of Mumbai.   The 1st Respondent Vessel is presently discharging, into barges, a cargo of sulphur , which is being taken to the Port of Dharamtar, which is a small port, in the immediate vicinity.  The draft at Dharamtar Port is not sufficient to berth the Respondent Vessel. Therefore discharge of cargo is taking place through barges.  Immediately upon completion of discharge, the Respondent Vessel is expected to sail out to a foreign Port.  It is submitted that the petitioner proposes to file suit before the competent forum for recovery of amount due to it and if this court is not trying the suit as an admiralty suit and if security is not obtained, it will be difficult to enforce the decree to be passed in such suit . If vessel is allowed to be taken out of the jurisdiction of the territorial waters of India i.e to sail off from the Port of Mumbai to out side India, petitioner will have no effective remedy for recovering its dues against the 1st respondent vessel and 2nd respondent owners, which are foreign entities having neither property nor residence within the jurisdiction of the courts in India. The 3rd respondent is Dy. Conservator, Mumbai Port Trust, where the 1st respondent vessel is at present berthed/harboured.

3.    A concise statement of the facts and circumstances leading to and/or necessitating the filing of the present petition is set out below :

4.    The Petitioner supplied to the 1st Respondent Vessel, whilst at the port of Khorfakkan, on 16th August 2006, bunkers being 79,675 Metric Tonnes of IFO (180 CST) and 69.927 Metric Tonnes of NGO.   The said bunker supply was physically effected through physical suppliers of the petitioner being Oil Marketing and Trading International LLC, who did so at the request of the Petitioner. The said supply was made by the Petitioner at the request of the Respondent Vessel, communicated through her Charterer, one Cross World Middle East LLC, Sharjah, UAE ("cross world").



For FORBES GOKAK LIMITED
(PARTNER / ATTORNEY)

- 4 -

The receipt, by the Respondent Vessel, of the said bunkers, was duly acknowledged and confirmed by the Master/Chief Engineer of the 1st Respondent Vessel endorsing their signature and ship's stamp on the bunker delivery note dated 16th August 2006. The True copy of the bunker delivery note dtd 16/08/2006 (BDN No. 2080) signed by the master of the 1st respondent vessel is produced herewith and may be marked as **EXHIBIT- P1.** . The True copy of the bunker delivery note dtd 16/08/2006 (BDN No. 2084) signed by the master of the 1st respondent vessel is produced herewith and may be marked as **EXHIBIT- P1(a).** The fact of the 1st Respondent Vessel having received the said bunkers is also confirmed by the e-mail communication dated 17th August 2006 8.28 A.M. addressed by the Master of the 1st Respondent Vessel to both the owners of the 1st Respondent Vessel i.e the 2nd respondent/Novstar Shipping and Marine Services Company ("Novstar") as also the Charterers of the Respondent Vessel Crossworld. The true copy of the e-mail dtd 17/08/2006 issued by the Master of the 1st Respondent vessel to the 2nd respondent and the charterers cross world is produced herewith and marked as **EXHIBIT- P2.** It is respectfully submitted that the 1st Respondent vessel is owned by the 2nd respondent/Novstar Shipping and Marine Services Company ("Novstar") and the same is confirmed by the extract issued by the Ship Registry, St. Kitts and Nevis. The true copy of the extract dtd.26/7/2006 issued by the Ship Registry, St. Kitts and Nevis regarding the 1st respondent vessel is produced herewith and may be marked as **EXHIBIT- P3.** The Exhibit P2 email communication (along with other facts and events and/or even otherwise independently) confirms that the owners (2nd repondent) of the 1st Respondent Vessel were fully aware of and / or had authorized the supply of the said bunkers to the 1st Respondent Vessel and / or is liable for the same.

5.    The Respondent Vessel duly received the said bunkers supplied and consumed the same  in the course of prosecuting her onward voyage from the Port of Khorfakken.

6.    Subsequent thereto, the Petitioner on 29th August 2006, raised their invoice bearing No.T-79246 for the sum of US $ 83,303.10 on the 1st Respondent Vessel . The invoice was addressed to the Master of the 1st respondent vessel and / 2nd respondent / owners and/or Managing Owners and/or Operators and/or Charterers of M.V. Blue ˘ ˘.



For FORBES GOKAK LIMITED
(PATVOLK DIVISION)



- 5 -

Starand Crossworld Middle East LLC, Sharjah, UAE and JDH International LLC, UAE. The true copy of the invoice bearing No. T-79246 dtd 29/08/2006 for the sum of US $ 83,303.10 issued by the petitioner to the 1st Respondent vessel and others is produced herewith and marked as **EXHIBIT - P4.**

7.    The said invoice required payment to be made on or before 15th September 2006. Although the said date has elapsed, the Petitioner has not received payment. Neither the 1st Respondent Vessel nor her owners, managers, operators or charterers (crossworld) or any other person associated or connected with the 1st Respondent Vessel has made payment of any amount whatsoever to the Petitioner. Thus the outstanding due and payable to the Petitioner, comes to US $ 83,303.10.

8.    The Petitioner submits that the 1st Respondent Vessel, itself is liable to make payment to the Petitioner for the value of the bunkers supplied. This is because, in law, the 1st Respondent Vessel has a distinct corporeal personality and can be itself liable and be sued and /or proceeded against. In the present case, the 1st Respondent Vessel received the said bunkers and consumed the said bunkers, without any demur or objection and has therefore benefited there from. Furthermore, the request for the said bunkers was conveyed by and on behalf of the 1st Respondent Vessel by her charterers (crossworld), who were authorized to order the same by the 1st Respondent Vessel and /or her owners. The 1st Respondent Vessel is therefore personally liable to make payment in respect of the said bunkers supplied.

9.    The Petitioner, in particular submit that they are entitled to maintain the claim against the 1st Respondent Vessel itself and seek her arrest, sequestration, condemnation and sale, for the reasons more particularly set out below all of which are without prejudice to one another:-

    a)    The bunkers were supplied to the 1st Respondent Vessel, at her request, communicated through the Charterers. The Charterers were authorized by the 1st Respondent Vessel and / or her owners to order the bunkers. Strictly without prejudice thereto and in any event, the act of the Charterer was within "apparent authority". The Respondent Vessel and/or her owners having permitted this and having received the said bunkers and consumed the same, have benefited there from and are therefore estopped and/or precluded



For FORBES GOKAK LIMITED
SIGNATURE DIVISION

- 6 -



and/or not entitled to disclaim liability for the same.

b)    The 1st  Respondent Vessel accepted the bunkers supplied by the Petitioner without demur/protest, used/consumed the same for her voyage and thereby benefited. The 1st Respondent Vessel is thus liable in respect thereof.

c)    The 1st Respondent Vessel converted the Petitioner's bunkers and is thus liable to make payment in respect thereof.

d)    The Petitioner supplied bunkers to the 1st Respondent Vessel without intent to do so gratuitously.  The said bunkers have been utilized by the 1st Respondent Vessel.  Under the circumstances, having regard to Section 70 of the Indian Contract Act, 1872, and the principles prohibiting unjust enrichment, the Petitioner is entitled to seek arrest and sale of the 1st Respondent Vessel, for realization of the price of the bunkers.

e)    In admiralty law/maritime law, a Vessel has a distinct and separate corporeal personality and is liable to undertake obligations, assumed liability and be proceeded against in respect thereof.

10.    In the premises aforesaid, there is presently due and payable by the 1st Respondent to  the Petitioner, the principal amount of US$ 83,303.10, as per the Particulars of the Petitioner's Claim. The 1st Respondent and/or her owners have failed and/or neglected and/or refused and still refuse to pay to the Petitioner, the said sum or any part thereof.

11.    In the premises aforesaid, the 1st Respondent is liable to pay to the Petitioner the principal, a sum of US$ 83,303.10. Additionally, the petitioner is entitled to receive from the 1st Respondent and the 2nd Respondent  and is liable to pay to the Petitioner, interest thereon at the rate of 24% per annum, being the rate of interest specified in the invoice, from 15th September 2006 date till payment and/or payment and/or realization as also the costs, charges and expenses, incurred by the Petitioner in realizing and/or recovering the said sum. by filing the present proceedings. The same are quantified at US$  85,857.728. Inidan Rupees @ 46 per $ Rs. 39,49,455.40



For FORBES GOKAK LIMITED
(PATVOLK DIVISION)

7



12.    The Petitioner's claim is for supply of "necessaries supplied to the 1st Respondent Vessel", within the meaning of Admiralty Courts Act 1861. Bunkers are needed by a ship for the purposes of prosecuting her voyage and are therefore "necessaries." The Petitioner's claim is also for "goods or materials supplied to a ship for her operation or maintenance" within the meaning of the Supreme Court Act, 1981. The Petitioner's claims also answers the description of "goods or materials wherever supplied to a ship for her operation or maintenance" within the meaning of the International Convention for the Unification of Certain Rules Relating to the Arrest of Sea-going Ships, 1951. The Petitioner's claim therefore constitutes a maritime claim and falls within the admiralty jurisdiction. The 1st Respondent Vessel is presently lying in the port of harbour of Mumbai, within Indian Territorial waters. This Hon'ble Court has therefore jurisdiction to entertain the above petition and arrest the 1st Respondent vessel.

13.    The Petitioner has a maritime claim against the 1st Respondent vessel. The Petitioner is entitled to enforce and/or crystallize the same by the arrest, sequestration, detention and condemnation of the 1st Respondent vessel. The Petitioner therefore, pray that the 1st Respondent vessel together with her hull, tackle, engines, machinery, apparel, equipment, stores, articles, things and other paraphernalia be arrested and detained by warrant of arrest of this Hon'ble Court until the 1st Respondent or 2nd respondent provides security for the petitioner's claim.

14.    The 1st Respondent vessel is at present berthed at lying in the port and harbour of Mumbai within the territorial waters of India, well within the jurisdiction of this Hon'ble Court, and that there is every likelihood the 1st Respondent vessel after discharge of cargo will sail out of Indian waters . The 1st Respondent vessel, if allowed to sail from Mumbai Port without settling the petitioner's dues, the same will adversely affect the interest of the petitioner. The 1st Respondent vessel is at present berthed within the territorial waters of India, within the jurisdiction of this Hon'ble Court and invoking the inherent admiralty jurisdiction, this Hon'ble court has ample power to arrest the vessel to redress the grievances of the petitioner. It is reliably understood that the 1st Respondent vessel is going out of India after discharge of its cargo and is going to be sold and scraped, and if vessel is allowed to sail off from Mumbai Port and is sailed out of the jurisdiction of the territorial waters of India, outside the jurisdiction of this Hon'ble Court, petitioner will have no effective remedy for recovering its dues against the 1st and 2nd Respondents which are foreign

For FORBES GOKAK LIMITED
(PATVOLK DIVISION)



- 8 -

entities having neither property nor residence within the jurisdiction of the courts in India.

15.    It is submitted that the petitioner proposes to file suit before the competent forum for recovery of amount due to it and if this court is not trying this petition as an admiralty suit and if security is not obtained, it will be difficult to enforce the decree to be passed in such suits. It is respectfully submitted that unless this Hon'ble Court passes an order of arrest and detention of the 1st Respondent vessel invoking the inherent admiralty jurisdiction of this Hon'ble Court in order to enable the petitioner to enforce its right, maritime lien, irreparable injury will be caused to petitioner. Hence the petitioner has approached this Hon'ble Court to invoke the inherent admiralty jurisdiction and also to invoke the powers vested within the Hon'ble Court under Admiralty jurisdiction and Article 226 of the Constitution of India and also under Admiralty Court Act 1861 on the following among other;

## GROUNDS.

a)    It is respectfully submitted that the claim of the petitioner against the 1st respondent vessel and 2nd respondent is a maritime claim as defined in Article I Clause I (a) of the International Convention. Therefore by judicial process, in order to secure the maritime claim, the arrest of the vessel by invoking the inherent admiralty jurisdiction of this Hon'ble Court is permissible under the Convention.

b)    As per the decision of the Apex Court in 'M.V.Elizabeth Vs. Harwan Investment and trading Pvt. Ltd., Goa (AIR 1993 S.C. 1014.) Supreme Court has held that all Indian High Courts in the Indian Coasts can exercise admiralty jurisdiction and   arrest a foreign vessel when the same enters the territorial waters of India. Under section 443 of the Merchant Shipping Act 1958,  whenever any damage has been caused to the property of any Indian Citizen by a ship other than an Indian ship, the High Court is empowered to detain the ship at any time thereafter when the ship is found within Indian jurisdiction until such time as the owner has satisfied any claim in respect of the damage or has given security to pay all costs and damages that may be awarded in any legal proceedings that may be instituted in respect of the damage.  It is settled law



For FORBES GOKAK LIMITED
(PATVOLK DIVISION)



_9._

that the word 'damage' contemplated in Section 443 of the Merchant Shipping Act includes all maritime claims on account of the damage caused by the reason of unauthorized acts of the agents or servants of the ship. It is so held by the Apex Court in 'M.V.Elizabeth Vs. Harwan Investment and trading Pvt. Ltd., Goa (AIR 1993 S.C. 1014.)'. The relevant portion of paragraph 80 of the Judgment reads as follows:-

"In the absence of any statute in India Comparable to the English statutes on admiralty jurisdiction, there is no reason why the words "damage caused by a ship appearing in Section 443 of the Merchant Shipping Act, 1958 should be so narrowly construed as to limit them to physical damage and exclude any other damage arising by reason of the operation of the vessel in connection with the carriage of goods. The expression is wide enough to include all maritime questions or claims. If goods or other property are lost or damaged, whether by physical contact or otherwise, by reason of unauthorized acts of negligent conduct on the part of the ship owner or his agents or servants, wherever the cause of action has arisen, or wherever the ship is registered, or wherever the owner has his residence or domiciles or place of business, such a ship, at the request of the person aggrieved, is liable to be detained when found within Indian Jurisdiction by recourse to Section 443 and 444 of the Merchant Shipping Act, 1958".

c)  It is respectfully submitted that both the countries of the flags of the respective vessels are contracting parties to the Convention. Even otherwise by International Usage and age old Conventions and Customs and Practice in the trade from time immemorial, the High Court of a State has inherent power to arrest a sea-going ship for securing the maritime claim even if it is not a maritime lien attached to the vessel

d)  It is respectfully submitted that the arrest of the 1st respondent vessel as per the Convention or under the Common law or under the provisions of Merchant Shipping Act to furnish adequate security for realisation of the maritime claim is available in law to the petitioner. Unless such a security is provided the petitioner will be left with no remedy whatsoever especially with respect to the claims against sea-going vessels as they often change hands, their registries



For FORBES GOKAK LIMITED
(PATVOLK DIVISION)



– 10 –

and flags. In the circumstances the interference of this Hon'ble court is necessary for securing justice and for obtaining proper security for the petitioner for the amount due to the petitioner on account of the bunkering work done by the petitioner for the 1st respondent vessel.

e)   It is submitted that the claim of the petitioner is enforceable as a Maritime Lien as defined in Article 4 (1)(iv) of the International Convention for Unification of certain Rules Relating to Maritime Liens and Mortgages at Brussels 1967, hereinafter referred to as "the Convention". The Apex Court in M.V. Elizabeth Vs. Harwan Investment and Trading Pvt. Ltd., Goa, held that the said Rules are applicable to Indian Courts also. Therefore by judicial process, in order to secure the maritime claim, the arrest of the 1st Respondent vessel by invoking the admiralty jurisdiction of this Hon'ble Court is permissible under the convention.

f)   It is respectfully submitted that amounts are due to the petitioner is on account of the bunkering work (i.e. supply of necessaries) for the 1st respondent vessel. The 1st respondent vessel is owned by the 2nd respondent, now within the jurisdiction of this Hon'ble court in Indian territorial waters . It is respectfully submitted that respondents 1 to 3 are jointly and severally liable to compensate the petitioner for the amounts spent by the petitioner on account of the 1st respondent vessel. Therefore this Hon'ble Court has jurisdiction to order arrest and detain the 1st respondent vessel and / or order respondents 1 to 3 furnish security for the amount that will be awarded by this court or in any other the legal proceedings to be instituted for the recovery of the damages by the petitioner against respondents 1 & 2 in the appropriate forums , if this court is not trying the suit as an Admiralty Suit.

g)   It is respectfully submitted that the 2nd respondent who is the owner of the 1st respondent vessel is liable to compensate the petitioner for amount spent by the petitioner on account of the 1st respondent vessel. The Hon'ble Supreme Court in " MV Elizabeth's case " in its Judgment (AIR 1993 S.C. 1014.) has clarified that a vessel can be arrested for any kind of damage caused by the owner of the vessel, herein the 2nd respondent.



For FORBES GOKAK LIMITED
(PATVOLK DIVISION)



– 11 –

h) The 2nd respondent who is the owner of the 1st respondent vessel have no other assets other than the 1st respondent vessel within the territory of India and if the 1st respondent vessel is allowed to sail out of Indian Territorial waters from Mumbai, the petitioner won't be able to recover the amount due to it by the 1st & 2nd respondents.

i) The 1st respondent vessel is now within the Territorial Water of India, within the jurisdiction of this Hon'ble Court. This Hon'ble court has jurisdiction to order arrest and detain 1st respondent vessel and / or order respondents No. 1 to 2 to furnish security towards the damages/amount that will be awarded in the legal proceedings to be instituted for the recovery of damages /amount by the petitioner against respondent No.3 to 2 in the appropriate forum.

j) It is respectfully submitted that this Hon'ble Court apart from the powers vested in it under Section 443 of the Merchant Shipping Act, and as per the Hon'ble Supreme Court in " MV Elizabeth's case " in its Judgment (AIR 1993 S.C. 1014.) has in it vested with the inherent admiralty jurisdiction to entertain a maritime action of this nature to arrest and detain the vessel till the maritime claim and / or lien over the vessel is discharged by the vessel and / or its owners.

k) It is respectfully submitted that the liability of the 1 to 2 respondents being a maritime lien the 1st respondent vessel continues to be attached with the maritime charge attached thereon and even a transferee for consideration without notice of the charge will be bound by that charge.

l) In as much as "in rem" action against the vessel is envisaged under the admiralty jurisdiction and under Section 443 of the Merchant Shipping Act, the 1st Respondent vessel is amenable to the orders of this Hon'ble court as a person and due compliance of the orders of this Hon'ble court is expected of the 1st Respondent vessel.

m) It is now settled law that this Hon'ble Court has inherent power to arrest a sea-going ship for securing the Maritime Lien. It is so held by the Supreme Court in the case M.V.Elizabeth Vs. Harwan Investment and Trading Pvt. Ltd., Goa.

For FORBES GOKAK LIMITED
(PATVOLK DIVISION)

- 12 -



n)   It is respectfully submitted that the arrest of the 1st respondent vessel is necessary for this Hon'ble Court to acquire jurisdiction over the second respondent and to enable the petitioners to get adequate security for realization of the Maritime claim.  Unless such a security is provided, the petitioners will be left with no remedy whatsoever especially with respect to the claims against sea-going vessels as they often change hands, their registries and flags.  In the circumstances the interference of this Hon'ble Court is necessary for securing justice and for obtaining proper security for the petitioner for the amounts due from the 1st and 2nd respondents.

o)   It is respectfully submitted that if the 1st respondent vessel is not arrested and detained by this Hon'ble court it will be impossible for the petitioner to recover the amount due to it on account of the bunkering work done for the 1st respondent vessel.

p)   There is no other effective alternative remedy available to the petitioner on the facts and circumstances of this case.

q)   The 1st respondent vessel has to be detained / arrested by this Hon'ble court under Admiralty Jurisdiction unless and until the respondents No. 1 to 2 furnish sufficient security either in Cochin or at place convenient acceptable to the petitioners and direct the respondent No. 3  not to release the vessel and detain the vessel unless and until the sufficient security is furnished  by the respondent No 1 to 2  and until further orders from this Hon'ble Court.


In the light of what is stated above and for the reasons that may be permitted to be submitted  at the time of hearing it is most respectfully prayed that this Hon'ble Court may be pleased to issue,

a)   A an interim order of arrest  , writ, order, or any other appropriate direction , ordering arrest and detention of the 1st Respondent vessel MV "BLUE STAR" now in the Indian Territorial waters and berthed at the Port of Mumbai owned by the 2nd respondent till sufficient security for  the amount of  US $  US$.

For FORBES GOKAK LIMITED



– 13 –

83,303.10 + interest @ 24% from 15/9/2006 comes to US$ 85,857.728 ( Indian Rupees @ 46/- per US $ Rs.39,49,455.40) is furnished by the respondents No.1 to 2 or their new agents or underwriters for the dues owned by the respondents No.1 to 2 to the petitioner on account of the pending bills / Ext.P4 invoices.

b)  Issue any other appropriate writ, order or direction invoking the Admiralty jurisdiction directing the respondent No. 3 to detain the 1st respondent vessel MV "BLUE STAR" until further orders from this Hon'ble Court till the respondents 1 & 2 furnish sufficient security and a judgment and decree be passed as prayed for.

c)  Pass such other appropriate orders including award of compensatory costs to the petitioner as deemed fit and proper on the facts and circumstances of the case.

Dated this the 14 day of November , 2006

PETITIONER
For FORBES GOKAK LIMITED
(PATVOLK DIVISION)

COUNSEL FOR THE PETITIONER

### INTERIM RELIEF PRAYED FOR.

For the reasons stated in the accompanying affidavit it is humbly prayed that this Hon'ble Court may be pleased to arrest and detain the 1st respondent vessel until further orders and direct the 3rd respondent to detain the 1st Respondent vessel MV 'BLUE STAR' now within the territorial waters of India and berthed at Mumbai Port and not to permit the vessel from sailing out of the Port limits till the respondents 1 & 2 furnish security for the amount of US$ 85,857.728 (Indian Rupees @ 46 per $ Rs. 39,49,455.40) pending the Petition, in the interest of justice.

Dated this the 14 day of November , 2006

COUNSEL FOR THE PETITIONER

- 14 -



BEFORE THE HON'BLE HIGH COURT OF KERALA AT ERNAKULAM

Spl.Jurisdiction Case No. 3 /2006

Forbes Gokak Ltd.                           Petitioner

-Vs-

M.V. Blue Star, & others          :          Respondents

### AFFIDAVIT

I, M.Venkita Subramanian, aged 47 S/o. V.Mahadevan, Senior Manager , Forbes Gokak Ltd., Indira Gandhi Road, W/Island, Kochi - 682 003.   W/Island, Cochin do hereby solemnly affirm and state as follows:-

1.       I am Senior Manager of the  petitioner company.  I am conversant with the facts of this case and competent to swear this affidavit on behalf of the Petitioner.  The above Special Jurisdiction Case is prepared under my instructions.

2.       All the statements and averments contained in the above Spl. Jurisdiction Case are true to the best of my knowledge, information and belief.  All the Exhibits produced along with the above Spl Jurisdiction Case are true copies of their respective originals.

3.       I have not filed any Spl Jurisdiction Case earlier seeking similar and identical relief's with respect to the same subject matter.

4.       The relief's prayed in the above Spl. Jurisdiction Case and connected petition are very essential which may be granted.

All the facts stated above are true to the best of my knowledge, information and belief.

Dated this the 14 day of November 2006.

DEPONENT

For FORBES GOKAK LIMITED

Solemnly affirm and signed before me by the
Deponent who is personally known to me on this the
14 day of November , 2006 at my office at Ernakulam.

ADVOCATE    B.13 NOV 2006

**Oil Marketing**
**& Trading Intl. LLC**

EXHIBIT - M

B.D.N. No.: 2080

**BUNKER DELIVERY NOTE**

Date: 16/08/2006
Location: KETAPANG PAROU

Bunker Barge's Name: MT ALAMBRA
Alongside Vsl: 16/08/06  13:50

Buyer's MV: BLUE STAR
Pumping Started: 16/08/06  16:00

_____ and Master/Owner/Operator/
Completed: 16/08/06  16:40

Charterer and: COCKETT MARINE
Cast off: 16/08/06  17:05

OIL LTD

IMO No.: 7706440

**PRODUCT SUPPLIED:**
**GRADE:** IFO 180 CST

**DELIVERED QUANTITY:**
Metric Tonnes / t. GLNS.: 79.676    Gr. Vol. Ltr.: _____    Net. Vol. Ltr.: _____

( Barrels at 60° F    V.C.F. 0.9883    W.C.F. 0.9845

**FUEL CHARACTERISTICS:**
Viscosity CST @ 40° C/50° C IFO 180 CST    Density @ 15° C 0.9856    Sulphur % m/m: 3.4
Flash Point °C: 81    Water Contents % Vol. 0.1    Observed Tank Temp °C: 32

| SUPPLIER'S CONFIRMATION | MASTER'S / CHIEF ENGINEER'S ACKNOWLEDGEMENT |
|---|---|

Arrival rods: 0009301
Bunker Barge: 0009304
MARPOL ANNEX VI: 0009303
Remaining: 0009330M

Signature of Master / Chief Engineer

L. NECATPAYLO
Name of the Master / Chief Engineer

M.V. BLUE STAR

**REMARKS**
Was a note of protest issued: YES / NO
Please Note: This Delivery / Sale is subject to the General Terms & Conditions of Oil Marketing & Trading Intl. LLC

This is the true copy of the
document marked as Exhibit P1
referred to in the statement of
SP Jc

Oil Marketing
&Trading Int'l. LLC

EDITION "...(G) 4/4
B.D.N. No. 2084

**SUNKER DELIVERY NOTE**

Date: 16/08/2006                          Location: KHOWR FAKKAN UAE

Bunker Barge's Name: M/T GLAMBA          Alongside Ves: 16/08/06   13:50

Buyer MAP MW: BLUE STAR                  Pumping Started: 16/08/06   15:30

and Master/Owner/Operator

Chatterer and COCKETT MARINE            Completed: 16/08/06   16:00

OIL LTD                                  Cast off:

IMO No: 4706720                          Next Port:

**PRODUCT SUPPLIED:**                    **GRADE:** M.F.O.

**DELIVERED QUANTITY:**
Metric Tonne / t. GLNS: 699.11   Gr. Vol. Ltr. _____   Net Vol. Ltr. _____

1 Barrels at 60° F.  _____   V.C.F. 0.9886   W.C.F. 0.8755

**FUEL CHARACTERISTICS:**
Viscosity CST @ 40° C(50° C)  3 2  Density @ 15° C 0.9756  Sulphur % m/m  0.6
Flash Point °C  96  Water Contents % Vol  NIL  Observed Tank Temp °C  98

| SUPPLIER'S CONFIRMATION | MASTER'S / CHIEF ENGINEER'S ACKNOWLEDGEMENT |
|---|---|
| We confirm that the product was delivered and that the quantities are correct. The Fluid not supplied is in conformity with regulations 14 (1) or 4 (1) and regulation 18 (1) of ANNEX VI to MARPOL 73/78 | We acknowledge receipt of the above product in good condition in buyers requirements. Quantity receives a final, binding and conclusive in all respects. All tanks sounded, no water found. |
| | We confirm that samples were taken, sealed and numbered in our presence as follows: |
| | Receiving Vessel: 0009305 |
| O.M.T.I | Bunker Barge: 0009306 |
| (Company Name) | MARPOL ANNEX VI: 0009307 |
| | Retained: 0009308 |
| Signature of Bunker Barge Representative | Signature of Master / Chief Engineer |
| | LINECKY TEYEO |
| Name (Block letters) | M.V. BLUE STAR |
| A. | |
| LIMASSOL CYPRUS | M.V. BLUE STAR |
| Barge's Stamp | Vessel's Stamp |

**REMARKS:**

Was a note of protest issued: YES / NO

Please Note: This Delivery / Sale is subject to the General Terms & Conditions of Oil Marketing & Trading Int'l L L C

Suite 509, Al Shamoo Shop, P.O. Box: 11540, Ras Al-Khaimah, U.A.E.
Tel.: +971 9 2301381, Fax: +971 9 2281707, Telex: 69211 0407651O OMTI G   E-mail: omtukhowakkfz.net.ae   URL: www.oil-marketing.cor

This is the true copy of the
document marked as Exhibit 1(G)
referred to in the Statement  S.P.JC

ADVOCATE

2



17    EXHIBIT- P 2

Page 1 of 1

Crossworld Far East

From:      <bluestar@ynwclustog.com>
To:        <chartering@crossworld.com.my>
Cc:        <novstar@emirates.net.ae>
Sent:      Thursday, August 17, 2006 8:28 AM
Subject:   Bunkering Completion

To   Crossworld Far East
Cc   Novstar Shipping
Ref: M/v Blue Star

Ref: BS888-160806

Dear Sirs,

Please be advised that on 16.08.2006 at 16:45 completed bunkering.
Received IFO-60 mtons MDO-70 mtons.

~~Alongside allocation bunkering we realized with Owner Star~~
~~Marine abbreviated~~
~~Master Wilman~~

This is the true copy of the
document marked as Exhibit-P 2
referred to in the Guardian Petition
G A / J C



_ 18 _

EXHIBIT- P-



**ST KITTS & NEVIS**
**INTERNATIONAL SHIP REGISTER**

*Continuous Synopsis Record*

The Saint Christopher & Nevis Merchant Shipping Act No.
Department of Maritime Affairs, Ministry of Public Works, Nassau.

**FORM 1**

Issued by the St Kitts & Nevis International Ship Registry in accordance with the provisions of Regulation 25.2
Convention for Safety of Life at Sea (SOLAS) 1974

| Document Number : 003 | | Ship IMO Number : 77047 |
|---|---|---|
| 1 | This document applies from (yyyy-mm-dd) | 2004-07-14 |
| 2 | Flag State | St Kitts & Nevis |
| 3 | Date of Registration with the State (yyyy-mm-dd) | 2004-07-14 |
| 4 | Name of Vessel | BLUE STAR |
| 5 | Port of Registry | Basseterre |
| 6 | Name of current registered owner(s), their registered address(es) and IMO Registered Owner Number (if shown) | Monster Shipping & Marine Services Ltd PO Box 26810, Dubai, United Arab Emirates |
| 7 | Name of current registered Bareboat Charter(s), their registered address(es) and IMO Number (if shown) | N/A |
| 8 | Name of company (ISM), their registered address(es), IMO Company Number (if shown) and address of its Safety Management Activities | Monster Shipping & Marine Services Ltd PO Box 26810, Dubai, United Arab Emirates |
| 9 | Name of classification society(ies) with which the ship is classed | Polski Register of Shipping |
| 10 | Administration/Government/Recognised Organisation which issued the Document of Compliance, body which carried out audit (if different) | - Polski Register of Shipping - Bureau Veritas |
| 11 | Administration/Government/Recognised Organisation which issued the Safety Management Certificate, body which carried out audit (if different) | - Polski Register of Shipping - Bureau Veritas |
| 12 | Administration/Government/Recognised Organisation which issued the International Ship Security Certificate, body which carried out audit (if different) | - Polski Register of Shipping - Bureau Veritas |
| 13 | Date on which the ship ceased to be registered with the State as indicated in section 2 (yyyy-mm-dd) | N/A |
| 14 | Remarks | [See CSR, Feb. 003, re-re-used reflecting SR's and VR2, Issued by The Flag of S.V.] |

THIS IS TO CERTIFY that this is correct in all respects and being duly authorised, I do hereby issue this Form

| Date of Issue | Place of Issue | |
|---|---|---|
| 2004-07-14 | London, UK | Mike Smith ... Maritime Registrar of Ships |

This document was received by the ship and attached to the ship's CSR File on the following date.

DATE ............................................. SIGNATURE ..............

This is the true copy of the
document marked as Exhibit-P
referred to in the ............ S.P.C.
Magistrate

EXHIBIT · P4    2/6



## FORBES GROUP
## FORBES PATVOLK

### INVOICE

TO,

THE MASTER & / OR OWNERS & / OR MANAGING OWNERS AND / OR OPERATORS AND / OR
CHARTERERS OF MV 'BLUE STAR AND CROSSWORLD MIDDLE EAST LLC, SHARJAH, UAE AND
JCH INTERNATIONAL LLC, UAE

INVOICE DATE     : 29/08/2005                    Our Ref : JN 51673
INVOICE NO       : T 78249                       Your Ref : Verbal conf.
DETAILS          : MV 'BLUE STAR' AT KHORFAKKAN ON 19 / 08 / 2005.

| Description | Quantity/Unit | Rate | Subtotal |
|---|---|---|---|
| Supply of: | | | |
| - IFO 180 CST | 79.675 MT | 381.000 | 30,356.18 |
| - M.G.O | 69.927 MT | 735.000 | 51,396.35 |
| Costs: | | | |
| - BARGING | 2 | 750.000 | 1,500.00 |
| - ANCHORAGE DUES | GRT | 0.0982 | 50.57 |
| TOTAL DUE (E AND O E) | | : USD | 83,303.10 |
| LESS : RECEIVED ADVANCE | | : USD | NIL |
| BALANCE AMOUNT DUE (E AND O E) | | : USD | 83,303.10 |

PAYMENT IS DUE IMMEDIATELY BUT NOT LATER THAN 15th SEPTEMBER 2005.

For Forbes Gokak Limited
(Patvolk Division)

(Shoumak Sanghvi)
(Chartering-in-Charge)

PAYMENT TO BE MADE IN FULL DIRECTLY TO
Correponding Bank
STANDARD CHARTERED BANK, TWO WORLD FINANCIAL CENTER,
NEW YORK NY 10281 - 1050 USA          SWIFT: S C B L U S 33 X X X
FOR THE CREDIT OF:
STANDARD CHARTERED BANK, M.G. ROAD, MUMBAI, INDIA
TEL: +91 - 22 - 22676476   FAX: +91- 22- 22558976   SWIFT: S C B L I N B B X X X
FOR THE ULTIMATE CREDIT OF:
BENEFICIARY: M/S. FORBES GOKAK LIMITED, PATVOLK DIVISION
CURRENT ACCOUNT NO.: 2 2 2 0 - 5 0 1 9 6 2 6
Buyers agree to a late payment charge of 2% per month, 24% per annum of the maximum period permitted by law from the invoice
due date and agreed to pay any collection or attorney fees in the collection of this invoice.

FORBES PATVOLK (A Division of Forbes Gokak Ltd.) S. P. Centre, 41/44, Minoo Desai Marg, Colaba, Mumbai - 400 005.
Tel: +91-22-56336400  Fax: +91-22-56336388  E-mail: response@forbespatvolk.com  URL: www.forbespatvolk.com
(Regd. Office: Forbes Building, Charanjit Rai Marg, Fort, Mumbai - 400 001.)

BOOKING - USD 83303.10 @ Rs 46.485 = INR 38,72,349.60

This is the true copy of the
document marked as Exhibit-P 4
referred to in the Petition

# EXHIBIT 2

TRUE COPY

IN THE HIGH COURT OF KERALA AT ERNAKULAM

Present:

The Honourable Mr.Justice C.N.Ramachandran Nair

Monday, the 27th day of November, 2006/6th Agrahayana 1928

IA.No.3694/2006 in Spl.Jurisdiction Case No.3/06

Petitioner:

Forbes Gokak Ltd. Indira Gandhi Road, W/Island,
Kochi-682 003, Rep. by its Senior Manager,
~~Mrs.Venkita~~ Mr.Venikta Subramanian, Aged 47 years,
S/o.V.Mahadevan.

Vs.

Respondents/Respondents:

1. M.V.'BLUE STAR', a motor vessel flying the flag of
   St.Kitts and Nevis and registered at the port of
   Basseterre together with her hull, tackle,
   engines, machinery, apparel, equipment, stores, articles,
   things and other paraphernalia, presently lying in the
   port and harbour of Mumbai, Rep. by its Master now within
   Indian Territorial waters.

2. Novstar Shipping & Marine Services Co.LLC
   P.O.Box 39510, Dubai - UAE.

3. The Deputy Conservator, Mumbai Port Trust, Mumbai.

4. Superintendent of Customs, (Prev), M & P Wing,
   P.N.P.Jetty, Dharamtar Port, Shahabaj Post Poynad,
   Taluka-Alibag, Dis-Raigad, Maharashtra -402108.

~~SPJC~~ praying that in the circumstances stated in the affidavit
filed therewith ~~the SPJC~~ the High Court be pleased to implead the
4th respondent in this petition/Superintendent of Customs,(Prev),
M & P Wing, PNP.Jetty Dharamtar Port, Shahabaj Post Poynad, Taluk-
Alibag, District-Raigad, Maharashtra-402108, as Addl.Respondent No4
in the above Spl.Jurisdiction case and direction may be given to
the said respondent to carry out the order dated 14.11.06 passed by
this Hon'ble Court in the above case, and not to grant port clearance
to the vessel until the order of this Hon'ble Court is obeyed and
enforced, in the interest of justice.

    This petition coming on for orders upon perusing the petition
and the affidavit filed in support thereof and upon hearing the
arguments of Mr.V.J.Mathew, Advocate for the petitioner, the Court
passed the following:        ORDER

    Allowed.  Petitioner will serve copy of WP on Asst.Solicitor
General, Shri John Varghese.

    Post on 4.12.2006.

27.11.2006.                    Sd/-C.N.Ramachandran Nair, Judge.

                /true copy/

                              Assistant Registrar.

2006 17:58    U. J MATHEW&CO COCHIN    04842357004    P. 02

TRUE COPY.

## C.N. RAMACHANDRAN NAIR, J.

Spl. J.C. No.3 of 2006

Dated this the 14th day of November, 2006

### ORDER

Interim application is for ordering arrest and detention of Ship M.V. Blue Star flying the flag of St.Kitts and Nevis and registered at the Port of Basseterre and owned by the second respondent now stated to be berthed in the Mumbai Port Trust. Petitioner's case is that huge amount of US$ 83,303.10 is due to the petitioner for supply of oil to the Ship owned by the second respondent company. Counsel submitted that in similar case the Bombay High Court ordered arrest and detention of vessel berthed in Cochin Port. However, I do not think petitioner can have unconditional order because if the case is not proved to be genuine, the detention of the vessel will lead to heavy loss and hardship to the Shipping Company. In the circumstances this order is passed on condition that petitioner will furnish at least by day after tomorrow Bank Guarantee for Rs.5 lakhs in favour of the Registrar General of this Court encashable on orders of this Court for payment of cost, if any, to the Shipping Company. There will

NOV-2006 17:59    U. J MATHEW&CO COCHIN    04842357004    P.

SPL J.C. NO.3 OF 2006

-: 2 :-

be a direction to the third respondent to arrest and detain Ship "M.V. Blue Star" flying the flag of St.Kitts and Nevis and registered at the Port of Basseterre and owned by the 2nd respondent, if it is now in Mumbai Port Trust and release it only on furnishing Bank Guarantee for US$ 83,303.10 in favour of the third respondent encashable and payable under orders of this Court. Petitioner will send Fax copy of this order to the third respondent for compliance.

Hand over.

sd-

C. N. Ramachandran Nair
(Judge)

VSV

(True Copy)

Assistant Regis

# EXHIBIT 3



The Principal Office of the Company is situated in the U.K.



This stamp paper forms an integral
part of the guarantee no 19102.01399025

For STANDARD CHARTERED BANK

Pro. Manager

NOV-2006 19:42     U. J MATHEW&CO COCHIN          04842357004          P. 01

Guarantee No 171020139336
Date 16.11.2006

### BANK GUARANTEE

Standard Chartered Bank, 19 Rajaji Salai, Chennai 600 001
Bank Guarantee Number 171020139336 issued at the request of ;
Forbes Gokak Ltd.,
Indira Gandhi Road, W/Island, Kochi-682003.

In favour of,
The Registrar General, High Court of Kerala, Ernakulam for Rs.5,00,000/-(Rupees Five
Lakhs Only) We, Standard Chartered Bank, 19 Rajaji Salai, Chennai 600 001 understand
that Forbes Gokak Ltd., Indira Gandhi Road, W/Island, Kochi-682003, who is the
petitioner in Spl. J.C No. 3/2006 pending before the Hon'ble High Court of Kerala, in
Ernakulam is required to furnish a Bank Guarantee for Rs. 5,00,000/-(Rupees Five Lakhs
Only) in favour of the Registrar General, High Court of Kerala, Ernakulam, as ordered by
Hon'ble High Court of Kerala on 14/11/2006 in Spl. J.C No. 3/2006 as security in the said
case.

We, Standard Chartered Bank, 19 Rajaji Salai, Chennai 600 001, at the request of
Forbes Gokak Ltd., Indira Gandhi Road; W/Island, Kochi-682003 issue this Bank
Guarantee for an amount of Rs. 5,00,000/-(Rupees Five Lakhs Only) in favour of the
Registrar General, High Court of Kerala, Ernakulam and hereby guarantee the payment
of an amount of Rs. 5,00,000/-(Rupees Five Lakhs, Only) in favour of the Registrar
General, High Court of Kerala, Ernakulam merely upon the receipt of a demand from the
Registrar General, High Court of Kerala, Ernakulam for payment of the amount covered
under this guarantee.

We, Standard Chartered Bank, 19 Rajaji Salai, Chennai 600 001 confirm that this
Guarantee will not be discharged due to change in the constitution of the bank or the
Petitioner in Spl.J.C No.3/2006 i.e; Forbes Gokak Ltd.

We, Standard Chartered Bank, 19 Rajaji Salai, Chennai 600 001 further confirm that
this Bank Guarantee will be in force and valid till six months from date of issue and the
same can may at our option be extended as per the order of the Hon'ble High Court of
Kerala, Ernakulam.

Dated this the 16ᵗʰ day of November,2006

17-NOV-2006 19:45    U. J MATHEW&CO COCHIN    04842357004    P.01



Standard Chartered

| | LETTER | OUR REF. .NO. |
|---|---|---|
| TRADE SERVICES-CHENNAI | OF | 171020139336-AO |
| NO. 19, RAJAJI SALAI | GUARANTEE | |
| CHENNAI - 600 001 | | |
| INDIA | DATE : 16NOV06 | |

| TO : | AMOUNT |
|---|---|
| THE REGISTRAR GENERAL, | INR500,000.00 *** |
| HIGH COUR OF KERALA, | |
| ERNAKULAM. | |

NOTWITHSTANDING ANYTHING CONTAINED HEREIN ABOVE :

I) OUR LIABILITY UNDER THIS BANK GUARANTEE SHALL NOT EXCEED
RS.500,000.00(RUPEES FIVE HUNDRED THOUSAND ONLY)

II) THIS BANK GUARANTEE SHALL BE VALID UPTO 15.05.2007.

III) WE ARE LIABLE TO PAY THE GUARANTEED AMOUNT OR ANY PART
THEREOF UNDER THIS BANK GUARANTEE ONLY IF YOU SERVE UPON A
WRITTEN CLAIM OR DEMAND (AND WHICH SHOULD BE RECEIVED BY US),
ON OR BEFORE 14.06.2007 BEFORE 14:00 HRS (INDIAN STANDARD
TIME) WHEREAFTER IT CEASES TO BE IN EFFECT IN ALL RESPECTS
WHETHER OR NOT THE ORIGINAL BANK GUARANTEE IS RETURNED TO US.

***** END *****

FOR STANDARD CHARTERED BANK

Standard Chartered Bank

FOR STANDARD CHARTERED BANK
3-5085

2534 9143 / 2534 9140
2534 9139 / 2534 0405

-17-NOV-2006 18:35    U.J MATHEW&CO COCHIN    04842357004    P.01

Standard
Chartered

TO :                                    DATE    : 16NOV06
THE REGISTRAR GENERAL,                  _____
HIGH COUR OF KERALA,                    OUR REF:LETTER OF GUARANTEE
ERNAKULAM.                                       171020139336-AO
                                        _____
                                        AMOUNT :
APPLICANT : FORBES GOKAK LTD.           INR500,000.00

            L/G ADVISING

AT THE REQUEST OF OUR PRINCIPAL, FORBES GOKAK LTD. . WE ENCLOSE
THE ABOVE ORIGINAL GUARANTEE IN YOUR FAVOUR.

WE CONFIRM THAT THE CAPTIONED GUARANTEE IS ISSUED BY US AND
SIGNED BY OUR AUTHORISED SIGNATORIES AND RECORDED ON OUR BOOKS ON
ACCOUNT OF FORBES GOKAK LTD.

IN YOUR OWN INTERESTS,YOU MAY VERIFY THE GENUINENESS OF THE
GUARANTEE WITH THE ISSUING OFFICE.

FOR STANDARD CHARTERED BANK

STANDARD CHARTERED BANK
TRADE SERVICES-CHENNAI               COPY TO :
NO. 19, RAJAJI SALAI
CHENNAI - 600 001
INDIA
TELEPHONE : (044) 5349140

Standard Chartered Bank
Trade Services, Grindlays Centre
No. 19, Rajaji Salai                 Tel  (91-44)  2534 9143 / 2534 9140
Chennai - 600 001, India             Fax  (91-44)  2534 9139 / 2534 0485

# EXHIBIT 4

Standard
Chartered

```
                                 DATE    : 07JUN07
-------------------------------+------------------------------
TO :                           | OUR REF:LETTER OF GUARANTEE
THE REGISTRAR GENERAL,         |          171020139336-AO
HIGH COUR OF KERALA,           +------------------------------
ERNAKULAM.                     | AMENDMENT NO: 01
                               +------------------------------
                               | AMOUNT   :
                               | INR500,000.00
-------------------------------+------------------------------
```

APPLICANT : FORBES GOKAK LTD.
------------------------------------------------------------------
                          L/G AMENDMENT
------------------------------------------------------------------

AT THE REQUEST OF OUR PRINCIPAL, FORBES GOKAK LTD. , WE ENCLOSE
THE ABOVE ORIGINAL AMENDMENT IN YOUR FAVOUR.

WE CONFIRM THAT THE CAPTIONED AMENDMENT IS ISSUED BY US AND
SIGNED BY OUR AUTHORISED SIGNATORIES AND RECORDED ON OUR BOOKS ON
ACCOUNT OF FORBES GOKAK LTD.


IN YOUR OWN INTERESTS, YOU MAY VERIFY THE GENUINENESS OF THE
GUARANTEE WITH THE ISSUING OFFICE.

FOR STANDARD CHARTERED BANK

```
STANDARD CHARTERED BANK        +--------------------------------+
TRADE SERVICES-CHENNAI         | COPY TO :                      |
NO. 19, RAJAJI SALAI           |                                |
CHENNAI - 600 001              |                                |
INDIA                          |                                |
TELEPHONE : (044) 5349140      |                                |
-------------------------------+--------------------------------+
```

**Standard Chartered Bank**
Trade Services, Grindlays Centre
No. 19, Rajaji Salai
Chennai - 600 001, India

Tel   (91-44)   2534 9143 / 2534 9140
Fax   (91-44)   2534 9139 / 2534 0495

भारतीय गैर न्यायिक

एक सौ रुपये

रु. 100

Rs. 100

ONE
HUNDRED RUPEES

सत्यमेव जयते

भारत INDIA

INDIA NON JUDICIAL

केरल KERALA

890331

This stamp paper forms an integral part of the guarantee amendment no. 17102 0137336

For STANDARD CHARTERED BANK

Pro. Manager        D5284

KAMALA SHANKARI. K
GR 0774

Standard
Chartered

```
                                    DATE    : 07JUN07
----------------------------------  -------------------------------
TO :                                | OUR REF:LETTER OF GUARANTEE
FORBES GOKAK LTD.                   |         171020139336-AO
                                    +-------------------------------
FORBS BLDG. CHARANJIT RAI ROAD      | YOUR REF : 15.11.06
FORT BOMBAY 400001.                 +-------------------------------
                                    |
                                    | AMOUNT   :
                                    | INR500,000.00
----------------------------------  +-------------------------------
BENEFICIARY : THE REGISTRAR GENERAL, HIGH COUR OF KERALA,
--------------------------------------------------------------------
            LETTER OF GUARANTEE AMENDMENT
--------------------------------------------------------------------
```

AS REQUESTED IN YOUR APPLICATION DATED 6JUN07 , WE CONFIRM HAVING
ISSUED AN AMENDMENT TO THE ABOVE GUARANTEE AND ENCLOSE HEREWITH A
COPY FOR YOUR RECORDS.

PLEASE READ THROUGH THE GUARANTEE AND REVERT TO US FOR ANY
CLARIFICATIONS YOU MAY HAVE. IF WE DO NOT HEAR FROM YOU WITHIN 48
HOURS FROM THE DATE OF ISSUE, WE WILL CONSIDER THE GUARANTEE TO
BE IN ORDER AS PER YOUR REQUEST.

AMENDMENT COMMISSION CHARGED

WE HAVE TODAY DEBITED YOUR ACCOUNT WITH THE CHARGES BELOW:-

```
PARTICULARS                 ORIGINAL CCY & AMOUNT       RATE
                            SETTLE   CCY & AMOUNT       F.C. NO.
* * * * * * * * * * * * * * *  * * * * * * * * * * * * *   * * * * * * * * * *
AMD COMM ON CGT             INR         4,500.00        .0000000
                            INR         4,500.00 DR
SERVICE TAX                 INR           540.00        .0000000
                            INR           540.00 DR
EDU SRV TAX @0.24%          INR            10.80        .0000000
                            INR            10.80 DR
SERVICE TAX                 INR             5.40        .0000000
                            INR             5.40 DR

ENTRY TO ACCOUNT 222-050-1984-2        INR        5,056.20 DR
```

================================================================
SPECIAL INSTRUCTIONS : MAY WE DRAW YOUR ATTENTION TO THE
DIRECTIVES BY RESERVE BANK OF INDIA THAT WE ARE REQUIRED TO
IMMEDIATELY HONOUR ANY CLAIM IN TERMS OF THIS GUARANTEE WITHOUT
PRIOR REFERENCE TO YOURSELVES, AND WITHOUT ENQUIRING INTO THE
CIRCUMSTANCES OF SUCH CLAIM. IN THE EVENT THAT YOU HAVE
PRE-INTIMATION OF THE POSSIBILITY OF CLAIM FOR ANY REASON E.G. IF
AN UNDERLYING CONTRACT HAS NOT YET BEEN COMPLETED, WE SUGGEST YOU
TAKE THE MATTER UP WITH THE BENEFICIARY WITH A VIEW TO REACHING
ACCEPTABLE SOLUTION AND FORESTALLING ANY CLAIM.

WITH EFFECT FROM 19TH APRIL 2006 (I.E., THE DATE OF ENACTMENT
OF THE FINANCE BILL 2006), SERVICE TAX (INCLUSIVE OF
EDUCATION CESS) IS LEVIED ON ALL FEES / COMMISSION CHARGED
BY THE BANK AT 12.24PCT.

OUR SERVICE TAX REGISTRATION NUMBER UNDER "BANKING & OTHER
FINANCIAL SERVICES" IS BFS/M-I/408

REGISTERED OFFICE: STANDARD CHARTERED BANK - 23-25, M.G. ROAD,
FORT, MUMBAI - 400001
THIS IS A COMPUTER GENERATED ADVICE
THAT REQUIRES NO SIGNATURE.

```
STANDARD CHARTERED BANK        +-------------------------------+
TRADE SERVICES-CHENNAI         | COPY TO :                     |
NO. 19, RAJAJI SALAI           |                               |
```

**Standard Chartered Bank**
Trade Services, Grindlays Centre
No. 19, Rajaji Salai
Chennai - 600 001 India

Tel  (91-44)  2534 9143 / 2534 9140
Fax  (91-44)  2534 9139 / 2534 0495

Standard
Chartered

```
+----------------+-------------------+
! AMENDMENT ! OUR REF. NO.      !
! TO        ! 171020139336-AO   !
! LETTER OF ! AMD. NO. 01       !
! GUARANTEE +-------------------+
! DATE : 07JUN07                !
+----------------+-------------------+
```

TRADE SERVICES-CHENNAI
NO. 19, RAJAJI SALAI
CHENNAI - 600 001
INDIA

```
! TO :
! THE REGISTRAR GENERAL,        ! AMOUNT
! HIGH COUR OF KERALA,          ! INR500,000.00 ***
! ERNAKULAM.
```

AT THE REQUEST OF OUR PRINCIPAL FORBES GOKAK LTD. FORBS BLDG.
CHARANJIT RAI ROAD FORT BOMBAY 400001. , THE ABOVEMENTIONED
LETTER OF GUARANTEE IS AMENDED AS FOLLOWS:-

EXPIRY DATE NOW AMENDED TO READ 15.11.2007 AT 14.30HRS. ANY CLAIM
UNDER THIS GUARANTEE MUST REACH US IN WRITING BY 15.12.2007 AT
12.30HRS.

NOTWITHSTANDING ANYTHING CONTAINED HEREIN ABOVE :

I) OUR LIABILITY UNDER THIS BANK GUARANTEE SHALL NOT EXCEED
RS.500,000.00(RUPEES FIVE HUNDRED THOUSAND ONLY)

II) THIS BANK GUARANTEE SHALL BE VALID UPTO 15.11.2007.

III) WE ARE LIABLE TO PAY THE GUARANTEED AMOUNT OR ANY PART
THEREOF UNDER THIS BANK GUARANTEE ONLY IF YOU SERVE UPON A
WRITTEN CLAIM OR DEMAND (AND WHICH SHOULD BE RECEIVED BY US),
ON OR BEFORE 15.12.2007 BEFORE 12.00 HRS (INDIAN STANDARD
TIME) WHEREAFTER IT CEASES TO BE IN EFFECT IN ALL RESPECTS
WHETHER OR NOT THE ORIGINAL BANK GUARANTEE IS RETURNED TO US.

ALL OTHER TERMS AND CONDITIONS REMAIN UNCHANGED.

*****   END   *****

FOR STANDARD CHARTERED BANK        FOR STANDARD CHARTERED BANK

KAMALA SHANKARI. K                    05284
GR 0774

PAGE  1  OUT OF  1  PAGE(S)

**Standard Chartered Bank**
Trade Services, Grindlays Centre
No. 19, Rajaji Salai

Tel  (91-44)  2534 9143 / 2534 9140
Fax  (91-44)  2534 9139 / 2534 0405