CHALOS, O'CONNOR & DUFFY, LLP
Attorneys for Defendant Forbes
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600 / Fax: (516) 767-3605
Eugene J. O'Connor (EO-9925)
Timothy Semenoro (TS-6847)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

NOVSTAR SHIPPING AND MARINE
SERVICES CO., LLC,

        Plaintiff,        07 CV 3536 (GEL)

 - against -

FORBES GOKAK LTD. a/k/a M/S FORBES
GOKAK LTD.,

        Defendant.
------------------------------------------------------------X

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT
## OF MOTION TO VACATE THE ATTACHMENT

## PRELIMINARY STATEMENT

Defendant FORBES GOKAK LTD. (hereinafter "Forbes") hereby moves by Order to Show Cause to vacate the Order and Process of Attachments in this action and to have released any Forbes property now attached by any garnishee banks with offices in New York. This motion to vacate and release should be granted because Plaintiff NOVSTAR SHIPPING AND MARINE SERVICES CO., LLC (hereinafter "Novstar") is already fully secured. Moreover, there is a prior action pending where both parties are already litigating the merits of the underlying claims of failure to pay for bunkers and wrongful arrest including the issue of security, and which are subject to Indian law and to be adjudicated by the High Court of Kerala at Ernakulam, India. As such, the Order and Process of Attachment as to Defendant Forbes should be vacated and all of the wrongfully attached property of Defendant Forbes should be released immediately.

## BACKGROUND FACTS

In the interest of brevity, this Honorable Court is respectfully referred to the accompanying Declaration of Timothy Semenoro ("Semenoro Decl."), and Exhibits attached thereto, which set forth the factual circumstances relevant to this matter.

However, warranting particular consideration, it should be noted that Novstar's claim for damages resulting from the alleged wrongful arrest of the vessel is already before the High Court of Kerala in India (see, Semenoro Decl. at ¶ 10); the High Court of Kerala, which will decide Novstar's claim, has already set the proper amount of security (see, Semenoro Decl. at ¶¶ 7, 8 and 11); and Forbes has already provided security in a form that is satisfactory to the High Court in that amount (see, Semenoro Decl. at ¶¶ 7 and 11). As such, Novstar's claim is already fully secured.

## LEGAL ARGUMENT

### POINT I

### RIGHT TO A PROMPT HEARING AND LEGAL BURDEN

A. **Upon Application, a Prompt Hearing is Guaranteed Under the Local Rules of this District**

In order to ensure the constitutionality of the attachment mechanism provided for under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, the Local Rules for the Southern District of New York provide for a prompt adversary hearing following any attachment, specifying that the hearing shall be conducted by a judicial officer within three (3) days of an application, unless otherwise so ordered. *See* SDNY Local Admiralty Rule E.1. In our view, the language of the Local Rules allows the Court the discretion to set an even earlier hearing date under appropriate circumstances.

The obvious purpose of the rule is to provide prompt post-attachment scrutiny by the Court and an opportunity by the Defendant to have the merits of the attachment tested. Plaintiff here should not be heard to complain as to the timing of such a motion. Simply put, if a party is to be allowed to attach someone's property via an *ex-parte* mechanism— in this case, fund transfers up to about $52,000 —then the moving party should be required to provide proper proof as to the ground for the attachment promptly, or it should not have applied for the attachment in the first place.

For this reason, Defendant Forbes respectfully submits that pursuant to the Local Rules, which is in mandatory terms, a hearing should be set for July 12, 2007 and

opposition papers from the Plaintiff should be filed and served no later than July 6, 2007 by 3 pm. Reply papers, if necessary, may be returned on or before July 11, 2007.

**B.    Plaintiff Has the Burden to Show
         Why the Attachment Should Not Be Vacated**

Pursuant to the Federal Rules of Civil Procedure, in circumstances where property is attached and a challenge to that attachment is presented, it is the **"Plaintiff [who is] …required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules."** Rule E (4)(f) of the Supplemental Rules for Certain Admiralty and Maritime Claims (emphasis added). Under the Rules, Plaintiff Breakbulk is required to defend the attachment, and bears the burden of proof to demonstrate why the attachment should not be vacated.

Both the Courts and legal commentators have recognized that the burden placed on the Plaintiff, who has attached funds, is considerable, given the draconian nature of the *ex-parte* attachment mechanism, which results in the freezing of assets without any prior opportunity to be heard. *See, e.g. Allied Maritime, Inc. v. The Rice Corporation*, No. 04 Civ. 7029, 2004 WL 2284389, at *2 (Oct. 12, 2004), reconsideration *den'd* 361 F.Supp. 2d 148 (S.D.N.Y. 2004); *Royal Swan Navigation Co. v. Global Container Lines*, 868 F.Supp. 599, 606 (S.D.N.Y. 1994); 29 James W. N. Moore, *Moore's Federal Practice*, §7.05.04 [5] (3d Ed. 2005).

## POINT II

## NOVSTAR IS ALREADY FULLY SECURED

The Second Circuit in *Aqua Stoli* held that "a district court may vacate an attachment if defendant shows at a Rule E hearing that…**plaintiff has already obtained sufficient security for the potential judgment, by attachment or otherwise.**" *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006) (emphasis added); *Dolco Investments, Ltd. v. Moonriver Development, Ltd.*, 06 Civ. 12876 (RWS), 2007 U.S. Dist. LEXIS 31101, *15 (S.D.N.Y. April 26, 2007) (district court has equitable discretion to vacate maritime attachments when plaintiff has already obtained sufficient security by attachment or otherwise).

Here, Novstar's claim for damages resulting from the alleged wrongful arrest of the vessel is already before the High Court of Kerala. This is the same High Court that will adjudicate all of the underlying claims, including the claim by Forbes for the cost of bunkers it had delivered to the M/V BLUE STAR. See, Semenoro Decl. at ¶ 10. The High Court of Kerala has already ruled on the proper amount of security for Novstar's claim for the wrongful arrest of the vessel and Forbes has already provided this security in a form satisfactory to the High Court. See, Semenoro Decl. at ¶¶ 7, 8 and 11. The amount of security was set at the discretion of the High Court and with its due consideration of the equities involved. See, Semenoro Decl. at ¶¶ 7 and 8. Novstar has formally requested that the amount of security posted by Forbes be increased, and that issue remains pending before the High Court. See, Semenoro Decl. at ¶¶ 10 and 11. Since Forbes has already provided in full the current level of security required by the High Court to address any potential claim of Novstar's relating to the arrest of the M/V

BLUE STAR, this Honorable Court is well within its equitable discretion to confirm that Novstar's claim is already fully secured and the current attachments should be vacated, as per the Second Circuit decision in *Aqua Stoli*.

### POINT III

### NOVSTAR AND FORBES ARE ALREADY LITIGATING THEIR RESPECTIVE CLAIMS IN INDIA

The Second Circuit in *Aqua Stoli* also held that "a district court may vacate an attachment if defendant shows at a Rule E hearing that…**plaintiff could obtain *in personam* jurisdiction over defendant in the district where the plaintiff is located.**" *Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434, 445 (2d Cir. 2006) (emphasis added); OGI Oceangate Transportation Co. Ltd v. RP Logistics Pvt. Ltd., 06 Civ. 9441 (RWS), slip op. at pg. 15 (S.D.N.Y. June 21, 2007) (J. Sweet) (participation by both parties in an arrest proceeding, and subsequent posting of security, confirms plaintiff's ability to obtain *in personam* jurisdiction over defendant where the plaintiff is also located).

Here, Forbes' filed its application for the arrest of the M/V BLUE STAR in the High Court of Kerala. *See*, Semenoro Decl. at ¶ 5. As a condition of obtaining the Order of arrest, Forbes' posted security to address any loss or hardship of the respondents, which included Novstar, as may later be determined by said court. *See*, Semenoro Decl. at ¶¶ 7 and 8. As such, Forbes has voluntarily appeared and submitted itself to the jurisdiction of the High Court. In response to the arrest, Novstar posted security to facilitate the release of the M/V BLUE STAR. *See*, Semenoro Decl. at ¶ 9. Novstar then filed a Counter Affidavit on behalf of itself and the M/V BLUE STAR, as Respondents, with the High Court, denying the Forbes' claims and, among other things, demanding an

increase in the current security already posted by Forbes to address Novstar's claim for wrongful arrest and resulting damages. *See*, Semenoro Decl. at ¶ 10. Thus, Novstar, as an active participant, is also subject to the jurisdiction of the High Court.

As both parties are actively participating before the High Court of Kerala, Novstar could obtain full satisfaction for its claim from Forbes through that Court. Under these circumstances, this Honorable Court may at its equitable discretion vacate the current attachment, as per the Second Circuit decision in *Aqua Stoli*.

### POINT IV

### ISSUE OF SECURITY SHOULD BE DEFERRED TO THE HIGH COURT OF INDIA AS A MATTER OF COMITY

As a matter of international comity, a District Court may abstain from exercising jurisdiction where parallel proceedings in a foreign court lend to exceptional circumstances. *See Royal and Sun Alliance Ins. Co. of Canada v. Century Int'l Arms, Inc.*, 466 F.3d 88, 93 (2d Cir. 2006). In deciding whether to abstain, a court should be guided by the principles upon which international comity is based – respect for the litigation in and the courts of a sovereign nation, fairness to the litigants, and judicial efficiency. *See id.* at 94. While the factors weighed in determining whether a court should exercise its discretion to abstain depend on the nature of the proceedings, common ones, such as the similarity of the parties, similarity of the issues, the order in which the actions were filed, potential prejudice to either party, and connection between the litigation and the United States, can be considered with no one factor being determinative. *See id.* at 94. Essentially, a court should consider the totality of the circumstances to determine whether the specific facts of a given action are sufficiently exceptional to justify an abstention. *See id.* at 94.

Here, the issue of security for damages resulting from the alleged wrongful arrest of the M/V BLUE STAR is squarely before the High Court of Kerala. In the underlying action, where the merits of the parties' respective claims will ultimately be decided, the parties are the same, the legal issues are the same, the Indian action was filed before the instant action, and the only connection to the United States is that a maritime Rule B action was filed in New York to secure the underlying wrongful arrest claim being litigated before the High Court in India. See, Semenoro Decl. at ¶¶ 5-10. In fact, should this Honorable Court require Forbes' to post security in an amount higher than and/or different from what has been ordered by the High Court, then there would effectively be inconsistent judgments on how much security is sufficient.

Clearly, exceptional circumstances exist to warrant abstention by this Court from deciding the issue of the proper quantum of security when the merits of the underlying claim for wrongful arrest and corresponding issue of security for said claim should continue to remain for the High Court in India to decide. In order to avoid what could be a prejudice to either party, this Court should abstain from exercising jurisdiction, dismiss this action, and vacate the attachment in the interest of international comity.

## CONCLUSION

The Order and Process of Attachment as to Defendant Forbes is improper and should be vacated. Likewise, all of the attached property of Defendant Forbes should be released. Upon this application, a prompt hearing should be set by this Honorable Court so that these issues may be heard. Defendant Forbes also respectfully requests such other and further relief that this Honorable Court may deem just and proper in the circumstances of this case.

Dated: Port Washington, New York
       June 28, 2007

                                      CHALOS, O'CONNOR & DUFFY, LLP
                                      Attorneys for Defendant Forbes

By: _____
      Eugene J. O'Connor (EO-9925)
      Timothy Semenoro (TS-6847)
      366 Main Street
      Port Washington, New York 11050
      Tel: (516) 767-3600
      Fax: (516) 767-3605