UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
NOVSTAR SHIPPING AND MARINE
SERVICES CO., LLC,

                      Plaintiff,

                                                    07 CV 3536 (GEL)

   - against -

FORBES GOKAK LTD. a/k/a M/S FORBES
GOKAK LTD.,

                      Defendant.
-------------------------------------------------------X

### REPLY DECLARATION IN SUPPORT OF MOTION TO VACATE THE ATTACHMENT

Pursuant to 28 U.S.C. § 1746, Zubin Morris, Esq., declares under the penalty of perjury:

1. I am a member of the Bar Council of Maharashtra and Goa and admitted to practice before the Courts of India and am a partner of the firm of Little & Co., Indian Counsel for the Defendant FORBES GOKAK LTD. (hereinafter "Forbes") in the underlying proceedings before the High Court of Kerala.

2.   I am fully familiar with the matters set forth in this declaration, which is submitted in further support of Defendant Forbes' Motion to Vacate the Order and Process of Attachment in this action.

3.   I confirm that, on or about 14 November 2006, Forbes, as Petitioner, filed an Application with the High Court of Kerala at Ernakulam, India. Forbes alleged claims against the vessel and the owner, Plaintiff NOVSTAR SHIPPING AND MARINE SERVICES CO., LLC (hereinafter "Novstar") for failure to pay for fuel oil (i.e. bunkers) that was supplied to the M/V BLUE STAR. Forbes sought, among other things, the amount due and owing for the supplied fuel oil and the arrest of the M/V BLUE STAR. See Semenoro Declaration Exhibit 1.

4.   Based on the Application by Forbes, the High Court of Kerala ordered the arrest of the M/V BLUE STAR and, after considering the equities involved, required Forbes to deposit a bank guarantee in the amount of Rs. 5 lakhs (about US $12,500) with the registry of the court to address any loss or hardship of Novstar for wrongful arrest of

the vessel, if the High Court later determined.  See Semenoro Declaration Exhibit 2.

5. Although the Order of the High Court makes reference to the bank guarantee required of Forbes for the purpose of addressing the "payment of cost, if any" to Novstar, it is to be construed in this order that "cost" means any awardable amount by the High Court, towards proved actual damages.  Given that the award of costs alone are generally limited under Indian law and the large amount of security the High Court required of Forbes (i.e. 5 lakhs or 5,00,000 rupees), the High Court meant for this security to be applied to any proved damages, costs or interest that maybe awarded to Novstar..

6. The original bank guarantee was issued by Standard Chartered Bank, dated 16 November 2006, on behalf of Forbes.  The bank guarantee set forth that it would "be in full force and valid until six months from the date of issue and the same may at our option be extended as per the order of the Honorable High Court of Kerala, Ernakulam."  See Semenoro Declaration Exhibit 3.  As the guarantee was dated 16 November 2007, it was valid until at least 15 May 2007.

I understand that due to an oversight, the guarantee was not renewed by Standard Chartered Bank until a couple of weeks later on 7 June 2007. See Semenoro Declaration Exhibit 4.

7.      It appears that there was no intention on the part of Forbes to allow the security ordered at the discretion of the High Court to lapse and every effort was made to ensure that the valid security remained in place with the High Court. The guarantee is now in full force and effect.

8.      In accordance with the High Court Order, the M/V BLUE STAR was arrested, Novstar posted security, and the vessel was released.

9.      I confirm that, on or about 18 January 2007, Novstar filed a Counter Affidavit, as Respondent, with the High Court. Novstar denied the Petitioner's claims and demanded an increase of the security already posted by Forbes to address Novstar's claim for wrongful arrest and resulting damages to the amount of US $25,670.13. See Semenoro Declaration Exhibit 6.

10. The issue of whether or not to increase the security already posted by Forbes in the amount of US $12,500 remains before the High Court to decide based on papers submitted, including the Counter Affidavit of Novstar.

11. I further confirm that: (a) when the original Order of Arrest was obtained, the High Court, to protect the interest of Novstar, if the High Court later determined that the arrest was wrongful, ordered Forbes to furnish security in the sum of Rs. 5 lakhs. This amount was set at the discretion of the High Court as being in the circumstances of this case a proper amount of "counter-security"; (b) Forbes has provided security in the amount of Rs. 5 lakhs, as ordered, and that amount remains with the High Court in the form of a bank guarantee provided by Standard Chartered Bank; (c) Novstar has challenged the lawfulness of the arrest in said proceedings and seeks the assistance of the High Court by its Counter Affidavit with a counter-claim of US $25,670.13; (d) Novstar could have posted security to facilitate the release of M/V BLUE STAR much earlier than 6 December 2006, thus it controlled and/or caused the amount of alleged damages that

resulted; and (e) only nominal awards, if any, are allowed under Indian law for attorney's fees.

12. According to Rule 24 (rules regarding fees payable to Advocates as applicable to the High Court of Kerala at Ernakulam) the maximum Advocates fees that could be awarded in favour of Novstar (even if successful on the action for wrongful arrest) would be Rs. 2,000/-. Assuming the conversion of 1 US dollar to Rs.40.68 the maximum award of for attorney's fees, if Novstar is successful, is US dollars 50.

13. The underlying claim for the unpaid fuel oil by Forbes, the corresponding claim by Novstar for wrongful arrest and resulting damages, and the issue of security and counter-security are already before the High Court. Moreover, the High Court has already directed the furnishing of what it considered the proper amount of counter-security Forbes had to provide to address any potential wrongful arrest claim by Novstar.

14. By filing an action in the United States, Novstar is purposefully trying to avoid the current Order of the High Court and duplicate its

claim for security. Matters of security and the merits of the underlying claims should remain before the High Court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:   Mumbai, India
         July 16th, 2007

                              LITTLE & CO.

                          By: /s/ Z. N. Morris
                              _____
                              Zubin Morris, Esq.
                              Central Bank Building,
                              3rd Floor, M. G. Road,
                              Fort, Mumbai - 400 023
                              Telephone: +91 22 2265 2739
                              Fax: +91 22 2265 9918

# ADDENDUM

# RULES REGARDING FEES PAYABLE TO ADVOCATES

Published under Notification No.B1-80/61/D, dt 7-3-1969, in K.G.No.29. dt.22-7-1969

In exercise of the powers under Article 225 and 227 of the Constitution of India and of all other powers thereunto enabling and with the previous approval of the Governor of Kerala conveyed in G.O (MS)60/69/Home dated 7-2-1969 the High Court of Kerala frames the following Rules regarding the fees allowable to legal practitioners in the High Court and in Subordinate Courts, in suppression of all the existing rules in the manner.

**Rule 24:** The fee in the following cases shall be fixed by the Court, subject to the minimum and maximum specified:-

(f) All proceedings of an original nature, not otherwise provided for a minimum of Rs.500 and a maximum of Rs.2000/-.
(Rates amended by GO(MS) 74/2003/Home dated 28-3-2003)

**Rule 37:** Nothing in these rules shall be deemed to affect any agreement between an advocate and his client regarding fee.